[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Kimball Lew-Hanson, filed a claim for unemployment compensation benefits against his former employer, Professional Sign Design, Inc. (Professional Sign), of Norwalk, for which he had worked as sign maker and installer for approximately four years. Lew-Hanson claimed that his employment had been improperly terminated on or about July 13, 1993, and that he was entitled to unemployment benefits. Professional Sign contends that Lew-Hanson was terminated because he made false representations on three separate occasions on his weekly time sheets as to the number of hours he had worked and, hence, that he was ineligible for unemployment benefits. The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., granted Lew-Hanson's application for unemployment compensation benefits on the basis that the claimant had not committed repeated wilful misconduct.
Professional Sign appealed the administrator's decision to the Employment Security Appeals Division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Lew-Hanson had been discharged for repeated wilful misconduct. The referee determined that on three separate occasions, July 6, 1993, July 7, 1993, and July 8, 1993, the claimant had overstated the number of hours he had worked and that this conduct constituted repeated wilful misconduct. Thus, the referee reversed the decision of the administrator and concluded that Lew-Hanson was ineligible for benefits because he CT Page 1638 had been discharged for repeated acts of wilful misconduct.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the Employment Security Appeals Division Board of Review (Board), contending that he had not engaged in intentional and wilful misconduct, but that he was terminated because of a motor vehicle accident with a fellow employee. The Board, however, concluded that Lew-Hanson had falsified his time sheets, and affirmed the decision of the referee denying benefits to the claimant on the basis that he had been discharged for repeated wilful misconduct.
The claimant appeals to this court, pursuant to General Statutes § 31-249b, contending that he did not engage in repeated wilful misconduct. Lew-Hanson claims that he was eligible for benefits because the real reason for his termination was his involvement in an auto accident with a fellow employee and a company car, not for falsification of records.
In terms of reviewing an appeal of this nature, the Superior Court has been given several guideposts by the Supreme Court. One guidepost states that "[t]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v. Administrator,177 Conn. 132, 136, 411 A.2d 921 (1979). Another such guidepost was set out in Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.).
The Supreme Court has also indicated that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the CT Page 1639 administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" Id., 386, quoting Burnham v. Administrator, 184 Conn. 317, 323,439 A.2d 1008 (1981). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986).
In reviewing the decision of the Board in this case, General Statutes § 31-249b should also be noted. It provides, in pertinent part, that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519 provides in pertinent part: "[T]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." Practice Book § 519(b) provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." As was said in Calnan v.Administrator, Unemployment Compensation Act, 43 Conn. App. 779,785, A.2d (1996), "[h]ere, the plaintiff failed to file a motion with the board for correction of the findings, a necessary prerequisite to a challenge to the board's decision." AccordChavez v. Administrator, Unemployment Compensation Act,
CT Page 164044 Conn. App. 105, 106-07, A.2d (1997).
Even if the court analyzes this appeal on the merits to determine whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion;"Calnan, supra, 43 Conn. App. 785; the appeal must still be dismissed. General Statutes § 31-236 (a)(2)(A), as it existed prior to October 1, 1995, provides in pertinent part that an individual is ineligible for benefits if he was discharged for "repeated wilful misconduct" or for "just cause."[1] Section §31-236-26 of the Regulations of Connecticut State Agencies describes wilful misconduct as an action done "intentionally or deliberately," with the intent that such conduct "have a detrimental effect on his employer."[2] In addition, to find that a discharge was made under the provisions of this regulation, the administrator must find that the individual committed two or more acts of wilful misconduct, not necessarily of the same nature; that the final act which actually caused or triggered the discharge of the employee constituted wilful misconduct; and that the first act of misconduct was committed "within the year immediately preceding the act which precipitated the discharge. . . ."
The court agrees with the Board that falsifying of time sheets on three separate occasions constituted repeated acts of wilful misconduct. The Board's determination that all such acts occurred within one year preceding the discharge is substantiated by the record of this case. The Board's conclusion of ineligibility for benefits based on the plaintiff's repeated wilful misconduct is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator, Unemployment Compensation Act, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the Board was presented with sufficient evidence in this case to justify the conclusions it reached, including that the three CT Page 1641 falsifications of time sheets constituted repeated acts of wilful misconduct within the prescribed time frame. Therefore, the Board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 28 day of February, 1997.
William B. Lewis, Judge