[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Kerbert P. Vallere, Sr., filed a claim for unemployment compensation benefits against his former employer, Ogden Allied Security Services, Inc. (Ogden), of Rocky Hill, for which he had worked as a security guard for approximately two months in 1994. Vallere claimed that his employment had been improperly terminated, and that he was entitled to unemployment compensation benefits. Ogden contends that Vallere was discharged because of repeated wilful misconduct and, hence, that he was ineligible for benefits. The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., denied Vallere's application for benefits on the basis that he had engaged in repeated wilful misconduct.
Vallere appealed the administrator's decision to the Employment Security Appeals Division, pursuant to General CT Page 1974 Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Vallere had been discharged for repeated wilful misconduct. The referee made the following factual findings: (1) on September 14, 1994, the claimant was confrontational with a cleaner at the Bridgeport railroad station where he was assigned as a security officer, including threats and name calling, and failing to report an incident to the police; and (2) on September 20, 1994, the claimant became confrontational with a ticket taker who was objecting to profanity. The referee concluded that Vallere had been discharged for repeated acts of wilful misconduct, and was therefore ineligible for benefits. Accordingly, the referee affirmed the administrator's decision.
In accordance with General Statutes § 31-249, the claimant, Vallere, appealed this decision to the Employment Security Appeals Division Board of Review (board), contending that he had not engaged in wilful misconduct. However, the hearing tape of the proceedings before the referee was "defective," and the appeal was remanded to the referee. The referee subsequently reaffirmed his earlier determination that the two incidents previously described constituted repeated wilful misconduct.
The claimant appealed to the board which concluded that the second incident did not rise to the level of wilful misconduct, but that the claimant had, on September 14, 1994, taken an unauthorized coffee break of an hour and fifteen minutes, which, according to the board, was an act of wilful misconduct. Thus, the board affirmed the decision of the referee denying benefits to the claimant on the basis that he had been discharged for repeated wilful misconduct.
The claimant, hereinafter referred to as the plaintiff, appeals to this court, pursuant to General Statutes §31-249b, contending that he had not engaged in repeated wilful misconduct, and hence was eligible for benefits. As to the allegations concerning the dispute with the ticket taker, the plaintiff argues that only a brief exchange of words occurred, and that the evidence regarding the extended coffee break was exclusively hearsay.
In terms of reviewing an appeal of this nature, the Superior Court has been given several guideposts by the Supreme Court. One CT Page 1975 guidepost states that "[t]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v. Administrator,177 Conn. 132, 136, 411 A.2d 921 (1979). Another such guidepost was set out in Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualification in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.).
The Supreme Court has also indicated that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant."' Id., 386, quoting Burnham v. Administrator, 184 Conn. 317, 323,439 A.2d 1008 (1981). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986). CT Page 1976
In reviewing the decision of the board in this case, General Statutes § 31-249b should also be noted. It provides, in pertinent part, that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519 provides in pertinent part: "[T]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." Practice Book § 519(b) provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." As was said in Calnan v.Administrator, Unemployment Compensation Act, 43 Conn. App. 779,785, A.2d (1996), "[h]ere, the plaintiff failed to file a motion with the board for correction of the findings, a necessary prerequisite to a challenge to the board's decision." AccordChavez v. Administrator, Unemployment Compensation Act,44 Conn. App. 105, 106-07, A.2d (1997).
Even if the court analyzes this appeal on the merits to determine whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion;"Calnan, supra, 43 Conn. App. 785; the appeal must still be dismissed. General Statutes § 31-236 (a)(2)(B), as it existed prior to October 1, 1995, provides in pertinent part that an individual is ineligible for benefits if he was discharged for "repeated wilful misconduct" or for "just cause."[1]
Section § 31-236-26 of the Regulations of Connecticut State Agencies describes wilful misconduct as an action done "intentionally or deliberately," with the intent that such conduct "have a detrimental effect on his employer."[2] In addition, to find that a discharge was made under the provisions of this regulation, the administrator must find that the individual committed two or more acts of wilful misconduct, not necessarily of the same nature; that the final act which actually caused or triggered the discharge of the employee constituted wilful misconduct; and that the first act of misconduct was committed CT Page 1977 "within the year immediately preceding the act which precipitated the discharge. . . ."
The court agrees with the board that the confrontation with the fellow employee and the unauthorized extended coffee break constituted repeated acts of wilful misconduct. The board's conclusion of ineligibility for benefits based on the plaintiff's repeated wilful misconduct is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review."Finkenstein v. Administrator. Unemployment Compensation Act,192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence in this case to justify the conclusions it reached, including that the two incidents in question constituted repeated acts of wilful misconduct within the prescribed time frame. Therefore, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 3rd day of March, 1997.
William B. Lewis, Judge.