[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Rostan Vital, filed a claim for unemployment compensation benefits against his former employer, Duchess of Stamford, Inc. (Duchess), for which he had worked as a cook for over two years. Vital claimed that his employment had been improperly terminated on or about October 30, 1995, and that he was entitled to unemployment compensation benefits. Duchess contends that Vital was terminated because of his insubordination and wilful misconduct and, hence, that he was ineligible for benefits. The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et CT Page 3495 seq., granted Vital's application for unemployment compensation benefits on the basis that his employment was terminated for reasons other than wilful misconduct.
Duchess appealed the administrator's decision to the Employment Security Appeals Division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Vital, also referred to as the claimant, had been discharged for wilful misconduct. The referee made the following factual findings: (1) on three occasions prior to his discharge, the claimant had been counseled against leaving his work station before his shift had ended; (2) the claimant was discharged on October 29, 1995, because he left his cooking grill unattended prior to the end of his shift in order to clean up his work area, as a result of which a number of hamburgers were burned and had to be thrown away; and (3) before leaving his grill, the claimant contacted a fellow-employee who assured the claimant that he would look after the claimant's grill, but failed to do so. The referee determined that Vital's failure to attend to his grill was not an act of wilful, intentional or deliberate misconduct because he had been assured by another employee that the claimant's grill would be attended to in his absence. Accordingly, the referee affirmed the administrator's decision granting benefits.
In accordance with General Statutes § 31-249, Duchess appealed this decision to the Employment Security Appeals Division Board of Review (board), contending that the claimant was discharged for wilful misconduct because he left his work station unattended before his shift was over. The claimant contended that a fellow-employee had assured him that he would look after the claimant's grill station. The board agreed with the administrator and the referee that the claimant's conduct did not constitute wilful misconduct, but reversed the decision of the referee on the basis that the claimant had been discharged for failing to comply with reasonable and uniformly established by the employer. The board ruled that the claimant was ineligible for benefits because he left his work station with a number of hamburgers cooking on the grill, thus violating his employer's rule that an employee had to finish cooking before leaving his work station. The board determined that the claimant's conduct represented "a knowing violation of a reasonable rule."
The claimant, hereinafter referred to as the plaintiff, CT Page 3496 appeals to this court, pursuant to General Statutes §31-249b, contending that he had not engaged in wilful misconduct, and hence was eligible for benefits. In terms of reviewing an appeal of this nature, the Superior Court has been given several guideposts by the Supreme Court. One guidepost states that "[t]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantesv. Administrator, 177 Conn. 132, 136, 411 A.2d 921 (1979). Another such guidepost was set out in Mattatuck Museum-MattatuckHistorical Society v. Administrator, 238 Conn. 273, 278,679 A.2d 347 (1996), as follows: "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.).
The Supreme Court has also indicated that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant."' Id., 386, quoting Burnham v. Administrator, 184 Conn. 317, 323,439 A.2d 1008 (1981). Moreover, the construction placed upon a statute or CT Page 3497 regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986).
In reviewing the decision of the Board in this case, General Statutes § 31-249b should also be noted. It provides, in pertinent part, that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519 provides in pertinent part: "[T]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses."
In addition, Practice Book § 519(b) provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." As was said in Calnan v. Administrator,Unemployment Compensation Act, 43 Conn. App. 779, 785,___ A.2d ___ (1996), "[h]ere, the plaintiff failed to file a motion with the board for correction of the findings, a necessary prerequisite to a challenge to the board's decision." AccordChavez v. Administrator. Unemployment Compensation Act,44 Conn. App. 105, 106-07, A.2d (1997). Thus, in the absence of a motion to correct, the board's factual findings and those conclusions which are based on the weight of evidence and credibility of witnesses cannot be challenged.
Even if the court were to analyze this appeal on its merits to determine whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion;"Calnan, supra, 43 Conn. App. 785; the appeal must still be dismissed. General Statutes § 31-236 (a)(2)(B), as it existed prior to October 1, 1995, provided in pertinent part that an individual is ineligible for benefits if he was discharged for CT Page 3498 "repeated wilful misconduct." Public Acts 1995, No.95-323, § 3, effective October 1, 1995, changed "repeated wilful misconduct" to "wilful misconduct." Since the claimant's employment was terminated after October 1, 1995, the board's reference to the revised statute is both reasonable and logical.
The statute, as amended, further provides that "[f]or purposes of subparagraph (B) of subdivision (2) of this subsection, `wilful misconduct' means deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, provided such violation is not a result of the employee's incompetence. . ."
Section 31-236-26 of the Regulations of Connecticut State Agencies has also been revised to delete the word "repeated" as well as the reference to acts of misconduct occurring within one year of each other. The new regulation appeared in the Connecticut Law Journal on October 17, 1995, and are used by the Department of Labor as guidelines. Section 31-236-26 of the revised regulations also provides that "a knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied" is said to occur if: (1) the employee knew or should have known about the rule; (2) the employee violated the rule; (3) the employee knew or should have known that his conduct violated the rule; (4) the rule is reasonable in light of the employer's own business interests; (5) there is a clear relationship between the rule, the employee's conduct and the employer's business interests; (6) the rule is uniformly enforced in that the employer treats similarly situated employees who are subject to the rule in a similar manner upon the violation of such rule; (7) the rule is reasonably applied in that the action taken by the employer is appropriate in light of the violation of the rule and the employer's interests and there were no compelling reasons preventing the employee from complying with the rule; and (8) the violation of the rule must not be the result of the employee's own incompetence.
The court agrees with the board that abandoning one's work station in violation of a rule of the plaintiff's employer warranted the denial of benefits. The reason for the rule, as explained by the board, was the employer's interest in not losing meat products because an employee leaves his grill unattended. Hence, the plaintiff had been instructed to hold up cleaning his work station until he was finished cooking. Furthermore, the CT Page 3499 board determined that the rule was "uniformly enforced and applied to all workers similarly situated to the plaintiff.
The board's conclusion of ineligibility for benefits based on the plaintiff's violation of a reasonable rule promulgated by his employer is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator, Unemployment Compensation Act, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence in this case to justify the conclusions it reached. Therefore, the defendant board's motion for judgment dated July 30, 1996, is granted, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 10th day of March, 1997.
William B. Lewis, Judge