[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Alex Pryor, hereinafter referred to as the claimant, filed a claim for unemployment compensation benefits against his former employer, Hotel Development Management Corp., which owned and operated the Comfort Inn on Ledge Road in Darien. The claimant stated that his employment as a night auditor had been improperly terminated on or about February 20, 1996, and that he was entitled to unemployment compensation benefits. The employer contends that the claimant, who had worked for about eight months at the Comfort Inn, was terminated because he fell asleep while on duty on five separate occasions, including on February 20, 1996, and hence was ineligible for benefits. The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., denied the claimant's application for unemployment compensation benefits on the basis that by falling asleep on February 20, 1996, during the time he was on duty as a night auditor, the claimant violated company rules.
The claimant appealed the administrator's decision to the Employment Security Appeals Division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The claimant stated that the reason he fell asleep was because he was taking medications. The referee stated that the issue was whether the claimant had been discharged for wilful misconduct. The referee made the following factual findings: (1) the claimant fell asleep on the night of February 20, 1996, and had to be shaken awake by the general manager; (2) the claimant had been found asleep on several prior occasions, and had received written warnings that falling asleep on the job violated the employer's rules and policies; and (3) the claimant had been taking medications which could cause drowsiness, but had not notified his employer of the possibility that such medication could make him sleepy. The referee determined that the claimant's failure to stay awake on February 20, 1996, while on duty as the night auditor, was an act of intentional and deliberate misconduct because he had been warned by his employer not to do so. Accordingly, the referee affirmed the administrator's decision denying benefits.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the Employment Security Appeals Division Board of Review (board), contending that he had adequately advised his employer that he was taking medication which would affect his job performance. The claimant also contended that he was the victim of nepotism because he had been CT Page 6067 replaced by the general manager's nephew. The board affirmed the decision of the referee on the basis that the referee's findings of fact were supported by the record, and that his conclusions were "legally consistent" with those findings. Thus, the board adopted the referee's findings of fact and conclusions and dismissed the appeal.
The claimant, hereinafter referred to as the plaintiff, appeals to this court, pursuant to General Statutes § 31-249b, contending that his employer had been given doctors' notes confirming that he was taking medication. The board filed a return of record, and a hearing was held before the court on February 27, 1997.
In terms of reviewing an appeal of this nature, the Superior Court has been given several guideposts by the Supreme Court. One guidepost states that "[t]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. (Citations omitted.) Cervantes v. Administrator,177 Conn. 132, 136, 411 A.2d 921 (1979). Another such guidepost was set out in Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted: internal quotation marks omitted.).
The Supreme Court has also indicated that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether CT Page 6068 the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" Id., 386, quoting Burnham v. Administrator, 184 Conn. 317, 323,439 A.2d 1008 (1981). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986).
In reviewing the decision of the board in this case, General Statutes § 31-249b should also be noted. This statute provides, in pertinent part: "[I]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519(a) provides in pertinent part: "The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." Furthermore, Practice Book § 515A provides in pertinent part that if an appellant wants the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the entire transcript.
Practice Book § 519(b) provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." As was said in Calnan v. Administrator,Unemployment Compensation Act, 43 Conn. App. 779, 785,686 A.2d 134 (1996), "[h]ere, the plaintiff failed to file a motion with the board for correction of the findings, a necessary CT Page 6069 prerequisite to a challenge to the board's decision." AccordChavez v. Administrator, Unemployment Compensation Act,44 Conn. App. 105, 106-07, 686 A.2d 1014 (1997). Thus, in the absence of a motion to correct pursuant to Practice Book § 515A, the board's factual findings and those conclusions which are based on the weight of the evidence and the credibility of witnesses cannot be challenged.
Even if the court were to analyze this appeal on its merits to determine whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion";Calnan, supra, 43 Conn. App. 785; the appeal must still be dismissed. General Statutes § 31-236 (a)(2)(B), as it existed prior to October 1, 1995, provided in pertinent part that an individual is ineligible for benefits if he was discharged for "repeated wilful misconduct." Public Acts 1995, No. 95-323, § 3, effective October 1, 1995, changed "repeated wilful misconduct" to "wilful misconduct." Since the claimant's employment was terminated after October 1, 1995, the board's reference to the revised statute is both reasonable and logical. Section 31-236 (a), as amended, further provides: "For purposes of subparagraph (B) of subdivision (2) of this subsection, `wilful misconduct' means deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, provided such violation is not a result of the employee's incompetence.
Section 31-236-26 of the Regulations of Connecticut State Agencies has also been revised to delete the word "repeated" as well as the reference to acts of misconduct occurring within one year of each other. The new regulation appeared in the Connecticut Law Journal on October 17, 1995, and, although not yet formally adopted, is used by the Department of Labor as a guideline. Section 31-236-26 (b) of the proposed regulations also provides that "a knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied" is said to occur if: (1) the employee knew or should have known about the rule; (2) the employee violated the rule; (3) the employee knew or should have known that his conduct violated the rule; (4) the rule is reasonable in light of the employer's own business interests; (5) there is a clear relationship between the rule, the employee's conduct and the employer's business interests; (6) the rule is uniformly enforced in that the CT Page 6070 employer treats similarly situated employees who are subject to the rule in a similar manner upon the violation of such rule; (7) the rule is reasonably applied in that the action taken by the employer is appropriate in light of the violation of the rule and the employer's interests and there were no compelling reasons preventing the employee from complying with the rule; and (8) the violation of the rule must not be the result of the employee's own incompetence.
The court agrees with the board that falling asleep at one's work station in violation of a rule of the plaintiff's employer warranted the denial of benefits. The reason for the rule is obviously the employer's interest in not leaving the motel without adequate personnel. Hence, the plaintiff had been instructed to remain awake during his shift. Furthermore, the board implicitly determined that the rule was uniformly enforced and applied to all workers similarly situated to the plaintiff.
The board's conclusion of ineligibility for benefits based on the plaintiff's violation of a reasonable rule promulgated by his employer is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence in the record of this case to justify the conclusions it reached concerning the circumstances under which the plaintiff's employment was terminated for wilful misconduct. Therefore, the defendant board's motion for judgment dated September 9, 1996, is granted, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 6th day of May, 1997.
William Lewis, Judge CT Page 6071