## HALINA M. CALNAN *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.
### (15654)

Dupont, C. J., and Heiman and Hennessy, Js.

Submitted on briefs October 28—officially released December 17, 1996

*Richard Blumenthal,* attorney general, and *Richard T. Sponzo* and *Charles A. Overend,* assistant attorneys general, filed a brief for the appellant (named defendant).

*Halina M. Calnan,* pro se, the appellee (plaintiff), filed a brief.

HEIMAN, J. The defendant administrator of the unemployment compensation act (administrator) appeals from the judgment of the trial court sustaining the plaintiff's appeal from the determination by the

board of review of the employment security appeals division (board) that the plaintiff lacked sufficient cause to leave her job and its denial of unemployment compensation benefits. On appeal, the administrator asserts that the trial court improperly reviewed the board's findings of fact for support in the evidence because, as a matter of law, the trial court was bound by the board's findings of fact. Moreover, the administrator claims that even if the trial court had a right to review the board's factual findings, the board's findings of fact were supported by the evidence presented at the hearing before the appeals referee.

The following facts are pertinent to our resolution of this appeal. The plaintiff was employed by the defendant Greater Hartford Association for Retarded Citizens, Inc. (employer), as a fiscal specialist from March 22, 1993, to April 1, 1994. The duties of a fiscal specialist included payroll operations, accounts payable work and accounts receivable work. The plaintiff initially performed duties related to payroll operations and accounts receivable.

On Friday, April 1, 1994, the plaintiff was informed by her employer that another person was working on accounts receivable and that the plaintiff was to be reassigned to accounts payable. The plaintiff advised her employer that she regarded this reassignment as a demotion because accounts payable was less demanding than accounts receivable. The employer advised the plaintiff that accounts receivable required more attention to detail and more speed than she could handle. The plaintiff advised the employer that she would not return to work on the following Monday.

The plaintiff sought unemployment compensation benefits claiming that the work to which she had been reassigned was below her experience and training. The administrator determined that the plaintiff was entitled to receive unemployment compensation benefits effec-

tive April 3, 1994. The employer appealed the decision of the administrator to the employment security appeals division. The appeals referee affirmed the decision of the administrator on the issue of a voluntary leaving and affirmed the award of benefits.

The employer appealed the decision of the referee to the board of review. The board reviewed the record, including the tape recording of the hearing before the referee. On the basis of the record, the board determined that the employer had established at the hearing before the referee that the plaintiff's reassignment did not involve a loss in pay and that analytical work at a higher professional level was available for the plaintiff along with the accounts payable duties. It also determined that the employer had established that at the time the fiscal specialist positions were created in 1987, it was intended that the fiscal specialists would move from one function to another.

The board further determined, on the basis of the record, that the plaintiff did not establish that there was a breach of the contract of hire, that her lateral reassignment to accounts payable involved a loss of professional status, or that her reassignment was an adverse or substantial change in her working conditions. The board also determined that the employer had established that it reassigned the plaintiff to perform another function within her job description for which the employer believed she was better suited and that did not involve a change in her compensation or hours.

The board also determined, on the basis of on the record before it, that the plaintiff had failed to explore reasonable alternatives that might have preserved the employment relationship. Finally, the board concluded that the plaintiff did not have sufficient cause to leave her employment, and reversed the decision of the referee.

The plaintiff appealed the decision of the board to the Superior Court pursuant to General Statutes § 31-249b.[1] The trial court, after reviewing a transcript of the evidence before the referee, found that the modified

<hr />

[1] General Statutes § 31-249b provides: "At any time before the board's decision has become final, any party, including the administrator, may appeal to the superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the appellant resides. Any or all parties similarly situated may join in one appeal. In such judicial proceeding the original and five copies of a petition, which shall state the grounds on which a review is sought, shall be filed in the office of the board. The chairman of the board shall, within the third business day thereafter, cause the original petition or petitions to be mailed to the clerk of the superior court and copy or copies thereof to the administrator and to each other party to the proceeding in which such appeal was taken; and said clerk shall docket such appeal as returned to the next return day after the receipt of such petition or petitions. In all cases, the board shall certify the record to the court. The record shall consist of the notice of appeal to the referee and the board, the notices of hearing before them, the referee's findings of fact and decision, the findings and decision of the board, all documents admitted into evidence before the referee and the board or both and all other evidentiary material accepted by them. Upon request of the court, the board shall (1) in cases in which its decision was rendered on the record of such hearing before the referee, prepare and verify to the court a transcript of such hearing before the referee; and (2) in cases in which its decision was rendered on the record of its own evidentiary hearing, provide and verify to the court a transcript of such hearing of the board. In any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book. Such appeals shall be claimed for the short calendar unless the court shall order the appeal placed on the trial list. An appeal may be taken from the decision of the superior court to the appellate court in the same manner as is provided in section 51-197b. It shall not be necessary in any judicial proceeding under this section that exceptions to the rulings of the board shall have been made or entered and no bond shall be required for entering an appeal to the superior court. Unless the court shall otherwise order after motion and hearing, the final decision of the court shall be the decision as to all parties to the original proceeding. In any appeal in which one of the parties is not represented by counsel and in which the party taking the appeal does not claim the case for the short calendar or trial within a reasonable time after the return day, the court may of its own motion dismiss the appeal, or the party ready to proceed may move for nonsuit or default as appropriate. When an appeal is taken to the superior court, the clerk thereof shall by writing notify the board of any action of the court thereon and of the disposition of such appeal whether by judgment, remand, withdrawal or otherwise and shall, upon the decision on the appeal, furnish the board

findings made by the board were not supported by the evidence presented before the referee and accordingly reversed the decision of the board. This appeal follows.

The administrator's sole claim on appeal is that the trial court improperly reviewed the board's findings of fact when, as a matter of law, the trial court was bound by the findings of fact and should not have reviewed those findings for support in the evidence. The administrator posits that the plaintiff failed to file a motion with the board to correct its findings and that the filing of such a motion is a condition precedent to pursue a challenge to the board's findings. We agree with the administrator and reverse the judgment of the trial court.

We begin our analysis by noting that appeals from the board to the Superior Court are specifically exempted from governance by General Statutes § 4-166 et seq., the Uniform Administrative Procedure Act.[2] All appeals from the board to the court are controlled by § 31-249b.[3] Section 31-249b specifically provides that any finding of the board "shall be subject to correction

with a copy of such decision. The court may remand the case to the board for proceedings de novo, or for further proceedings on the record, or for such limited purposes as the court may prescribe. The court also may order the board to remand the case to a referee for any further proceedings deemed necessary by the court. The court may retain jurisdiction by ordering a return to the court of the proceedings conducted in accordance with the order of the court or the court may order final disposition. A party aggrieved by a final disposition made in compliance with an order of the superior court, by the filing of an appropriate motion, may request the court to review the disposition of the case."

[2] General Statutes § 4-186 (a) provides: "Appeals from the decisions of the administrator of the Unemployment Compensation Act, appeals from decisions of the employment security appeals referees to the board of review, and appeals from decisions of the Employment Security Board of Review to the courts, as is provided in chapter 567, and appeals from the commissioner of revenue services to the courts, as provided in chapters 207 to 212a, inclusive, 214, 215, 219, 221, 222, 224 and 225 are excepted from the provisions of this chapter."

[3] See footnote 1.

only to the extent provided by section 519 of the Connecticut Practice Book. . . ."[4] Practice Book § 519 (a) specifies that the trial court "does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether . . . there was any evidence to support in law the conclusions reached. [The court] cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . ."

Practice Book § 515A provides the mechanism for the correction of the board's findings. If the appellant desires that the findings be corrected, the appellant must, within two weeks of the filing of the record in the Superior Court, file with the board a motion for correction of the findings.[5]

In appeals of this nature, "the Superior Court does not try the matter de novo. It is not its function to adjudicate questions of fact. Nor may it substitute its

[4] Practice Book § 519 provides in pertinent part: "(a) Such appeals are heard by the court upon the certified copy of the record filed by the board. The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . .

"(b) Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."

[5] Practice Book § 515A provides in pertinent part: "If the appellant desires to have the finding of the board corrected he or she must, within two weeks after the record has been filed in the superior court, unless the time is extended for cause by the board, file with the board a motion for the correction of the finding and with it such portions of the evidence as he or she deems relevant and material to the corrections asked for, certified by the stenographer who took it; but if the appellant claims that substantially all the evidence is relevant and material to the corrections sought, he or she may file all of it, so certified, indicating in the motion so far as possible the portion applicable to each correction sought. . . . "

own conclusions for those of the [board]." *Guevara* v. *Administrator, Unemployment Compensation Act,* 172 Conn. 492, 495, 374 A.2d 1101 (1977). Rather, it is the function of the court to determine, on the record, "whether there is a logical and rational basis for the decision of the [board] or whether, in the light of the evidence, [the board] has acted illegally or in abuse of [its] discretion." *Taminski* v. *Administrator, Unemployment Compensation Act,* 168 Conn. 324, 326, 362 A.2d 868 (1975).

Here, the plaintiff failed to file a motion with the board for correction of the findings, a necessary prerequisite to a challenge to the board's decision. Furthermore, in examining the board's decision, the trial court failed to apply the correct standard of review. The trial court improperly reviewed the evidence to determine its weight and the credibility of witnesses, and then substituted its own conclusions for those of the board. Moreover, our review of the proceedings convinces us that the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion. See id., 326; *Stamford* v. *Administrator, Unemployment Compensation Act,* 15 Conn. App. 738, 742–43, 546 A.2d 335, cert. denied, 209 Conn. 814, 550 A.2d 1082 (1988).

The judgment is reversed and the case is remanded with direction to render judgment dismissing the plaintiff's appeal.

In this opinion the other judges concurred.