[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 PROCEDURAL BACKGROUND
This is a statutory appeal brought by an employer, Bernie's Fuel Oil, from the grant of unemployment compensation benefits to a claimant, Brian S. Imbriglio. The employment security board of review has certified and filed with the Court the record of the proceeding. The record indicates that the Administrator determined the claimant was eligible for benefits by decision issued pursuant to Connecticut General Statutes Section 31-241. The employer filed an appeal to a referee pursuant to statute. The referee conducted a de novo hearing, made findings of fact and affirmed the Administrator's determination of eligibility. The employer appealed to the board of review, which adopted the findings of the referee, affirmed his decision and dismissed the employer's appeal.
On January 19, 1995, the plaintiff filed this appeal with the Superior Court.
DISCUSSION
The plaintiff employer challenges the board of finding that the claimant was eligible for benefits because he left unsuitable employment with good cause connected to his employment. If the employee left with good cause, he is not disqualified from CT Page 7881 unemployment compensation. Section 31-236(a)(2)(A).[1]
The board made the following findings, which are relevant to this Court's determination:
 1. The claimant worked for the employer as an office worker from June 20, 1994, to July 5, 1994. The claimant was paid $6 per hour.
 2. The claimant had previously been employed as a truck driver earning $10.25 per hour from March 3, 1992, to March 5, 1994, when the claimant lost his driver's license. During this initial period of employment, the claimant also worked temporarily for the same employer as an office worker earning $7 per hour from June 16, 1993, to September 16, 1993.
 3. The employer and claimant discussed the claimant returning to work prior to getting his license back. During the initial discussions in March of 1994, the employer indicated that the claimant would receive $10.25 per hour for office work.
 4. The claimant obtained transportation to work and was rehired as an office worker on June 20, 1994. The claimant left his employment after he learned that he was only being paid $6 per hour.
Reference: Decision of Appeals Referee dated December 4, 1994, Item 7 in Administrative Record, p. 1.
This Court is bound by the findings of subordinate fact and reasonable factual conclusions of the Board. Finkenstein v.Administrator, 192 Conn. 104, 113 (1984). The above-referenced findings are findings of subordinate fact, and therefore, are not subject to challenge. Furthermore, the plaintiff's failure to file a motion to correct requires this Court to accept the facts as found by the board. Calnan v. Administrator, 43 Conn. App. 779
(1996).
The employer argues that the claimant was employed as a truck driver at $10.25 an hour. The employer further argues that this employment as a truck driver was terminated when the employee lost his license. The employer would then argue that the employee was hired as a clerical employee first at $7 an hour in 1993, and CT Page 7882 then at $6 an hour in 1994. The employer appears to argue that the reason for the employee's termination was the loss of license.[2] The employer would, therefore, argue that the termination from a job paying $10.25 resulted from loss of license and not from leaving the job because of a reduction in pay. The employer would also argue that the clerical job was something of a compassionate gesture on the part of the employer to aid the otherwise unemployed employee.
Unfortunately, from the employer's position, its view of the facts does not comport with the finding at any level below. There is no finding that the employee was terminated because he lost his license or for any type of misconduct. While the employer argues otherwise, the findings seem to be that this was one continuous course of employment with a reduction in pay from $10.25 an hour to $7 an hour to $6 an hour.
Further, the Administrator appears to argue that whatever the reason for reduction from $10.25 an hour to $7 an hour, the reduction from $7 an hour to $6 an hour in and of itself would be sufficient to entitle the employee to benefits.
Faced with the record before it and mindful of the fact that there has been no motion to correct, this Court has no alternative but to affirm the action below and dismiss the employer's appeal. In affirming the employee's entitlement, the Court is not faced with and does not address the question of whether or not the employee's termination for loss of license without any subsequent employment would have entitled him to benefits.
The Court also notes that Jeffrey Hale Suntup, the president and apparently owner of the plaintiff corporation, purports to have appeared pro se for the corporation. Since the Administrator elected not to move to strike the appearance, the Court has taken no action in response to this pro se appearance, out it is clear under Connecticut law that the principal of a corporation may not appear pro se for his corporation.
Kevin E. Booth, J.