[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The employer brings this appeal from a decision of the Board of Review dated August 28, 1996 sustaining the claimants appeal and finding him eligible for unemployment compensation. Two rulings of the Administrator arising out of the same incident which caused the claimant, Mentor Amenti, to leave his employment and finding the claimant ineligible for benefits were upheld by the Board of Appeals. The rulings of the court of Appeals were appealed to this court and consolidated here and then remanded to the Board of Review. The Board of Review then sustained the claimants appeal and this decision is the subject of this appeal.
This court does not consider this matter de novo but sits as an appellate court reviewing the decision of the Board of review.United Parcel, Inc. v. Administrator, 209 Conn. 381, 385. The court can not substitute its findings of fact for those found by the Board of Review unless those fact are clearly erroneous and not established through the record. Id. 385.
The issue in this case was whether the employer actually fired the claimant or whether the claimant refused to return to work after he was suspended. The claimant's position was that when the he refused to correct some defective work on his own time the employer told him to leave, that he considered this as a discharge and that he immediately applied for unemployment benefits. The employers version of the story was that after the claimant refused to correct the work on his own time he was asked to leave to think about it and the following day notified him of a suspension. The claimant filed a timely Motion to correct the Finding with the board of Review. The Board of Review found that "regardless of whether the separation is considered a discharge for refusing to repair the parts on his own time or a voluntary separation after the claimant was unjustly suspended for refusing to agree to violate the state's wage and hour laws, the separation would not be disqualifying." The Board reversed the decision of the Referee and made additional findings of fact consistent with its decision including a finding that the claimant received the suspension "four or five days after he had CT Page 11577 been directed to leave." (Decision of the Board of Review August 28, 1996 pg. 8). The Board is entitled to find additional and contrary facts to the findings of the Referee, when the claimant, as was done in this case, sought to correct the findings of the Referee. HALINA M. CALNAN v. ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL., 43 Conn. App. 779, 686 A.2d 134.
As stated above, the function of this court is not "fact-finder" but it is to review those facts that were found to determine whether they were erroneously found as not supported by the record. In spite of the contrary claim of the employer, the Board of Review found the claimant was asked to leave and the suspension notice was not received by him until four or five days after he was asked to leave and after he had already applied for unemployment benefits. This court in reviewing the entire record can not find that these findings were unreasonable, arbitrary or illegal. Guevara v. Administrator, 172 Conn. 492, 495. The court will therefore sustain the decision of the Board of Review and dismiss this appeal.
PELLEGRINO, (J)