[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Leona McCulley, filed a claim for unemployment compensation benefits against her former employer, the defendant, The Advocate and Greenwich Time Connecticut Newspaper, Inc., hereinafter referred to as the employer. The plaintiff stated CT Page 14029 that her employment as a driver had been improperly terminated on or about February 13, 1996, and that she was entitled to unemployment compensation benefits. The employer contends that the claimant's employment was terminated because she engaged in wilful misconduct and hence was ineligible for benefits. The named defendant, the administrator of the Unemployment Compensation Act, General statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits on grounds of "no warnings or final incident."
The employer appealed the administrator's decision to the Employment Security Appeals Division, pursuant to General statutes §§ 31-241 and 31-242. The matter was referred to an appeals referee for a hearing de novo. The referee made the following factual findings: (1) the plaintiff was involved in an incident in the employer's parking lot on February 4, 1996, concerning blocked ingress and egress, at which time the plaintiff claimed that a co-worker had directed a derogatory remark against her; (2) another co-worker who was also at the scene refused to corroborate the plaintiff's allegations; (3) the employer determined that such language was not used against the plaintiff and instructed the plaintiff to not engage in any further discussion with her co-workers about the incident in the parking lot; (4) the plaintiff thereafter harassed and threatened the co-worker who had refused to corroborate the plaintiff's assertions; (S) the employer again advised the plaintiff on several occasions not to harass other employees as such conduct violated the employer's disciplinary rules which had been provided to the plaintiff at the time of her hiring; (6) six days later, on February 10, 1996, the plaintiff again confronted the same co-worker, who complained both to the employer and to the Stamford Police Department; (7) the employer terminated the plaintiff's employment as a result of the complaint by the co-worker; and (8) the plaintiff filed a complaint with the police that the manager of the employer had touched her while terminating her employment.
The referee concluded that the plaintiff's employer had proved that the plaintiff's actions in February of 1996, represented a violation of the employer's rules and policies prohibiting (1) the harassing and threatening other employees; (2) making false accusations; and (3) encouraging false statements. Accordingly, the referee reversed the administrator's decision and denied benefits to the plaintiff. CT Page 14030
The plaintiff appealed this decision to the Employment Security Appeals Division Board of Review (board) in accordance with General Statutes § 31-249. The board affirmed the referee's decision on August 12, 1996, on the basis that the referee's findings of fact were supported by the record, and that his conclusions were "legally consistent" with those findings and with the Unemployment Compensation Act.
The plaintiff appealed to this court, pursuant to General Statutes § 31-249b. This court remanded the matter to the board in order to seek further clarification of the basis for the board's decision. The board thereafter filed a revised decision dated May 14, 1997, which stated that it had again reviewed the record of the proceedings before the referee, including the tape recording, and had determined that the referee was correct in his finding of ineligibility based on the plaintiff's wilful misconduct.
The board found the following facts as a result of its further review of the record: (1) the plaintiff was involved in an incident on February 4, 1996, in the employer's parking lot, when she claimed that a co-worker, Roseann Reggiano, had called her a derogatory name; (2) plaintiff asked another co-worker at the scene, I Carolyn Heard, to corroborate her claim that Reggiano had sworn at her, but that Heard refused to do so; (3) a manager for the defendant employer, Gary Edwards, investigated the incident and determined that no such comments had been made by Reggiano and advised the plaintiff to drop the matter; (4) three days later, the plaintiff again confronted Heard about the parking lot incident and Heard complained to Edwards, who once again warned the plaintiff to stop talking to Heard about the incident; (5) several days later, February 10, 1996, the plaintiff again approached Heard, was irate and yelled obscenities at her; (6) after hearing of the event from Heard, Edwards suspended the plaintiff for the rest of that day; (7) the plaintiff claimed to the employer that Edwards spit on her at that meeting on February 10, 1996, but told the police that Edwards had pushed her; and (8) the employer decided to terminate the plaintiff's employment because of (a) verbal abuse, harassment and obscenities directed at Heard; (b) dishonesty regarding Edwards' conduct in his office on February 10, 1996; and (c) insubordination in failing to follow Edward's directive against further contact with Heard regarding the February 4, 1996, incident. CT Page 14031
The board concluded that the employer had demonstrated adequately that the plaintiff had violated certain provisions of the employer's "Disciplinary Procedures Policy." This policy states that an employee is subject to immediate termination for cause for, among other things, insubordination, which was defined as a refusal to comply with the reasonable instruction of supervisors; verbal abuse of any individual on company property; and the use of obscene or offensive language while on the employer's property. The board also concluded that harassing one's co-worker and disobeying a supervisor's order constituted wilful misconduct.
The plaintiff pursued her appeal of the board's revised decision of May 14, 1997. In a letter to the board dated June 9, 1997, the plaintiff claimed that: (1) she did not block any traffic in the employer's parking lot; (2) she had won the right to sue from the Connecticut Human Rights Commission; (3) Heard never claimed that the plaintiff had threatened her; (4) she did not harass Heard or attempt to approach her regarding the February 4, 1996, incident; (5) Edwards had pushed her; (6) she was never told to let Heard alone; and (7) she was never insubordinate.
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (citations omitted.) Cervantes v. Administrator, 177 Conn. 132, 136,411 A.2d 921 (1979). Another such guidepost was set out in MattatuckMuseum Mattatuck Historical Society v. Administrator,238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: [T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General statutes §31-274 (c)." (citations omitted; internal quotation marks omitted.).
The Supreme Court has also indicated that this court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court CT Page 14032 has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (citations omitted.) United ParcelService. Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General statutes §§ 31 235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" Id., 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v. Commission onHospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
Furthermore, in reviewing the decision of the board in this case, General Statutes § 31-249b is noted. This statute provides, in pertinent part: "[I]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519 (a) provides in pertinent part that: "The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." Furthermore, Practice Book § 515A provides also that if an appellant wants the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by either portions of or the entire transcript.
Practice Book § 519 (b) provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact CT Page 14033 without evidence." In Calnan v. Administrator, UnemploymentCompensation Act, 43 Conn. App. 779, 785, 686 A.2d 134 (1996), "[H]ere, the plaintiff failed to file a motion with the board for correction of the findings, a necessary prerequisite to a challenge to the board's decision." Accord Chavez v.Administrator, 44 Conn. App. 105, 106-7, 686 A.2d 1014 (1997). Thus, in the absence in this appeal of a motion to correct filed by the plaintiff pursuant to Practice Book § 515A, the board's factual findings and those conclusions which are based on the weight of the evidence and the credibility of witnesses cannot be challenged.
Moreover, even if the court were to reach the merits of this appeal, the result would not change. The issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan, supra,43 Conn. App. 785.
General Statutes § 31-236 (a) (2) (B), as it existed prior to October 1, 1995, provided in pertinent part that an individual is ineligible for benefits if he was discharged for "repeated wilful misconduct." Public Acts 1995, No. 95-323, § 3, effective October 1, 1995, changed "repeated wilful misconduct" to "wilful misconduct." since the claimant's employment was terminated after October 1, 1995, the board's reference to the revised statute is both reasonable and logical. Section 31 236 (a), as amended, further provides: "For purposes of subparagraph (B) of subdivision (2) of this subsection, `wilful misconduct' means deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied . . ."
Section 31-236-26 of the Regulations of Connecticut state Agencies has also been revised to delete the word "repeated" as well as the reference to acts of misconduct occurring within one year of each other. The new regulation appeared in the Connecticut Law Journal on October 17, 1995, and, although not yet formally adopted, is used by the Department of Labor as a guideline. Section 31-236-26 (b) of the proposed regulations also provides that "a single knowing violation" of a "reasonable and uniformly enforced rule or policy of the employer, when reasonably applied" is said to occur if all of the following are found by the administrator to exist: (1) the employee knew or CT Page 14034 should have known about the rule or policy; (2) the rule or policy was communicated to the employee in an effective manner; (3) the employee violated the rule; (4) the employee knew or should have known that the conduct violated the rule; (5) the rule is reasonable in light of the employer's own business interests; (6) there is a clear relationship between the rule, the employee's conduct and the employer's business interests; (7) the rule is uniformly enforced in that the employer treats similarly situated employees who are subject to the rule "in a similar manner" if a rule or policy is violated; (8) the rule is reasonably applied in that the action taken by the employer is appropriate in light of the violation of the rule and the employer's interests and there were "no compelling circumstances" preventing the employee from complying with the rule; and (9) the violation of the rule must not be the result of the employee's own incompetence.
The court agrees with the board that the employer had sustained its burden of proof that violations of certain rules of the plaintiff's employer occurred which warranted the denial of benefits to the plaintiff. The plaintiff was instructed to desist contact with her co-worker Carolyn Heard regarding the incident of February 4, 1996, and refused to do so.
The board's conclusion of ineligibility for benefits based on the plaintiff's violations of reasonable rules promulgated by her employer is within the board's competence and therefore should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence in the record of this case to justify the conclusions it reached concerning the circumstances under which the plaintiff's employment was terminated for wilful misconduct. Therefore, the defendant board's motion for judgment dated August 28, 1997, is granted. The board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal. CT Page 14035
So Ordered.
Dated at Stamford, Connecticut, this 12th day of December, 1997.
William B. Lewis, Judge
CT Page 3035