[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 1114
The above-captioned appeal from the denial of unemployment compensation benefits was filed on August 26, 1996. The claimant, Salvatore Carcoglia, claims that the Administrator erred in denying him benefits.
At the hearing on his appeal, the claimant sought to supplement the administrative record, claiming that right under § 4-183 (h) C.G.S. The court denied that motion pursuant to § 4-186 C.G.S., which exempts appeals from the decisions of the Administrator of the Unemployment Compensation Act from the application of Chapter 54, including § 4-183 (h).
History of the Appeal
On December 14, 1995, the majority of an impartial hearing panel that had been convened to determine charges against the claimant, a tenured teacher in the Middletown School System, recommended to his employer, the Middletown Board of Education, that his employment be terminated. The panel concluded that after having been suspended for twenty days for sexual harassment of a female high school student, the claimant had engaged in a campaign to intimidate, harass and embarrass a student and a teacher whom he regarded as having contributed to that disciplinary action against him and that he had made derogatory comments about the teacher to a student.
The board of education adopted the recommendation of the hearing panel and terminated the claimant's employment on December 18, 1995. He applied for unemployment compensation benefits. A hearing was conducted, and on January 3, 1996 the hearing officer recommended that benefits be denied on the basis that the employee had been discharged for deliberate misconduct in wilful disregard of the employer's interests. The plaintiff filed an appeal to the Employment Security Appeals Division, which held a hearing on February 23, 1996. By a ruling dated March 7, 1996, the appeals referee upheld the denial of benefits. The plaintiff appealed to the Board of Review on March 25, 1996, on the ground that an erroneous interpretation had been given to the withdrawal of his request for arbitration of a union grievance and that some of the witnesses against him at his termination hearing had lied.
The Board of Review found that the issue of withdrawal of the CT Page 1115 arbitration and minor discrepancies in one student's written and testimonial accounts did not negate the conclusion that the plaintiff had engaged in willful misconduct, if not by retaliating against a student, then also by telling a student that a teacher colleague who had been involved in the charges of harassment was a "fucking whore."
The plaintiff's motion to reopen the decision of the Board of Review raised the issue that the Board had applied a standard making one instance of willful misconduct a ground for disqualification from receiving unemployment compensation benefits. The plaintiff clammed that P.A. 95-323 which enacted this standard, was meant to apply only to conduct that took place after its effective date of October 1, 1995.
The Board of Review noted that prior to the enactment of P.A. 95-323, Conn. Gen. Stat. § 31-236 had provided that a discharged employee was disqualified from receipt of benefits only if he has committed repeated acts of willful misconduct, but that P.A. 95-323 was, by its term, applicable to any separation of employment occurring on or after October 1, 1995. The plaintiff's termination occurred on December 18, 1995. Accordingly, the Board of Review concluded that the amended misconduct disqualification standard applied. It denied the motion to reopen. The plaintiff initiated this appeal on August 26, 1996.
Grounds on Appeal
In his appeal, the plaintiff raises three grounds.
1. It was unlawful to apply P.A. 323 to his termination;
2. The Board of Review failed to give him notice that the union secretary would testify at the hearing and failed to allow him to make closing remarks and ruled in a manner contrary to his recollection, and failed to allow him to call witnesses to show that he had not authorized withdrawal of his own grievance from arbitration;
3. The Board of Review failed to find that witnesses had perjured themselves.
The plaintiff, who appeared pro so, sought to present evidence as part of his appeal. The court denied his request CT Page 1116 since § 519 of the Practice Book provides that the Superior Court does not in such cases, "retry the facts or hear evidence."
Standard of Review
In appeals under § 31-249 (b) C.G.S., the Superior Court "does not retry the facts or hear evidence but rather sits as an Appellate Court to review only the record certified and filed by the Board of Review." United Parcel Service, Inc., v.Administrator, 192 Conn. 104, 113 (1984); Burnham v.Administrator, 184 Conn. 317, 321 (1981). The court cannot substitute its own conclusions for those of the administrator.Guevara v. Administrator, 172 Conn. 492, 495 (1977); Bartlett v.Administrator, 142 Conn. 497 (1955). As to legal issues, the court must determine "whether the administrative action resulted from an incorrect application of the law to the facts found or would not reasonably or logically have followed from such facts."United Parcel Service, Inc., v. Administrator, 209 Conn. at 385.
The plaintiff has filed no motion to correct the findings of the administrator, and claims of insufficiency of evidence or erroneous factual findings are therefore not reviewable. Calnanv. Administrator, 43 Conn. App. 779, 785 (1996).
Discussion of Claims
The Board of Review concluded that the plaintiff had engaged in willful misconduct by using foul language to characterize a fellow teacher to a present student at the school where both teachers were employed. The factual record supports the administrator's conclusion that this conduct took place, whether or not the plaintiff recalls the event.
The plaintiff's claims of denial of an opportunity to present evidence do not concern the event that the Administrator found to constitute misconduct but other matters, such as the circumstances surrounding the withdrawal by the teachers' union of his demand for arbitration of his grievance. Since such facts do not bear on the misconduct that the Administrator found to have warranted disqualification, the plaintiffs' claims concerning this issue do not constitute grounds to set aside the ruling.
The plaintiff's sole claim of legal error is that the Administrator erred in finding that the standard for CT Page 1117 disqualification for misconduct was the standard set forth in P.A. 95-323. That amendment clearly provides that it is applicable to any separation of employment occurring after October 1, 1995. When the legislature has thus "clearly and unequivocally" expressed its interest that legislation apply to past conduct, that provision is to be given effect, provided that vested rights are not unjustly abrogated. Gil v. Courthouse One,239 Conn. 676, 689 (1997).
The plaintiff did not have a vested right to engage repetitively in willful misconduct in the course of his employment. The Supreme court rule in Gil that methods of calculating benefits are not a vested right of persons who may apply for benefits. The logic of Gil would indicate that standards for receipt of benefits are likewise subject to change as a matter of adjustment of public policy, absent any indication that the policy has been changed to affect a specific individual. The plaintiff had no vested right in engaging in misconduct or in expecting to receive benefits as long as he restricted the number of instances of misconduct. The plaintiff cannot maintain that he relied upon the prior standard for disqualification, rather, his employment required him not to engage in any misconduct in his role as a public school teacher. PA. 95-323 therefore did not impose on the plaintiff a duty that he did not already have.
The plaintiff further contends that the Administrator erred in failing to conclude that various witnesses had lied.
Pursuant to the standard of review discussed above, this court cannot substitute its judgment for that of the Administrator regarding conclusions as to credibility.
Conclusion
The plaintiff has failed to establish the existence of any ground to set aside the ruling of the administrator denying him benefits on the basis of a termination for misconduct. The appeal is dismissed.
Beverly J. Hodgson Judge of the Superior Court