[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR JUDGMENT OF DISMISSAL
This is an appeal from the employment security board of review that determined that plaintiff had fraudulently collected unemployment compensation the weeks from March 21, 1992 through January 16, 1993.
FACTS
CT Page 3623
On March 8, 1994 the administrator found that the plaintiff was overpaid in the amount of $10,087.00 and assessed an administrative penalty of thirty-nine (39) weeks under Section31-273 (b).
The plaintiff appealed the administrator's decision to the appeals referee and on April 21, 1994 the appeals referee rendered a decision confirming the administrator's decision as to the amount of overpayment but reversed the administrator on the issue of administrative penalty. The referee ruled that there was no fraudulent intent on the plaintiff's part to misrepresent the situation in order to receive Unemployment Benefits and that "a review of the testimony in evidence supports the conclusion that the claimant honestly believed he had not worked while collecting benefits". The administrator appealed that decision to the board on May 11, 1994. The board reviewed the record of the proceedings, including the tape of the referee's hearing, modified the referee's findings and reversed the referee's decision concluding in its decision of April 10, 1995 that plaintiff had knowingly and willfully failed to disclose material facts in order to obtain benefits. The board used the preponderance of the evidence standard of proof.
The plaintiff then filed a motion to correct the findings of the board on May 4, 1995. Plaintiff claimed in paragraph one of his motion that his failure to know what was in a benefits pamphlet does not constitute fraud. The board found he was adequately informed. In paragraph two of his motion he claimed his failure to seek clarification of his duty to report "employment" to the administrator did not constitute fraud. The board found he was aware of his obligation to report his employment to the administrator. In paragraph three of his motion he claimed that the standard of proof required to establish fraud is clear, precise and unequivocal evidence. The board said inter alia in response:
 "we conclude that there is sufficient evidence in the record to establish that the claimant possessed the requisite intent to commit fraud under this higher standard. Regardless of which civil standard of proof is applied, the claimant's conduct, in light of the various instructions provided to him from the Administrator on this issue, clearly evinces his intent to fraudulently withhold the fact that he was engaged in an employment relationship from March 16, 1992, to January 16, 1993. CT Page 3624 The fact that the Board did not consider the issue against the proposed higher standard and did not specifically address the claimant's legal contention in its April 10, 1995 decision is thus harmless error."
On August 4, 1995 the board denied this motion.[1]
Plaintiff appealed the board's decision to the Superior Court. The plaintiff has never appealed the appeal's referee's decision as to overpayment and that that decision is not now before the court. Plaintiff never requested an evidentiary hearing before the board although notified of that right. The defendant did not request such a hearing either.
LAW
The finding of fraud is central to this matter and the plaintiff's claims that no fraud can be found as a matter of law.
This court is bound by the facts found by the board nor may it substitute its conclusions for those the land. Calman v.Administrator, Unemployment Compensation Act, 43 Conn. App. 779,785.
The plaintiff claims that the board made its findings of fraud by the standard of a preponderance of the evidence and that "fraud requires proof by clear and convincing evidence." Mitchellv. Mitchell, 31 Conn. 331, 336-337. The board did find fraud by the higher standard of clear, precise and unequivocal evidence.
Our Supreme Court in Cookson v. Cookson, 201 Conn. 229, 234-5, has adopted the three part test for using the enhanced standard of proof, i.e. the clear and convincing standard, used by the United States Supreme Court in Santosky v. Kramer,455 U.S. 745, 769-70.
Those three parts are (1) the private interests effected, (2) the risk of error created by the procedure, and (3) the countervailing governmental interest supporting use of the procedure.
 A. Clearly the private interest of the plaintiff is monetarily affected.
B. There appears to be no risk of error in the procedure. CT Page 3625
 C. The government has serious interests to be protected from fraudulent claims.
There is obviously some tension between the board's statement in it decision of April 10, 1995 where it used the preponderance of the evidence as the standard of proof and the board's decision of August 4, 1995 where it stated "that there is sufficient evidence in the record to establish that the claimant possessed the requisite intent to commit fraud under this higher standard" of clear, precise and unequivocal. To resolve this tension under P.B. § 519(a) this court could "remand the case to the Board" for the limited purpose of stating its findings, conclusions and claims of law relating to the issue of the burden of proof.
The board has already stated its conclusions and its use of the higher standard in its decision on the motion to correct but it treated that motion as inappropriate. It appears that it would have been more correctly entitled to a motion to modify under C.G.S. § 31-249a(b). As we see in Finkelstein v.Administrator, 192 Conn. 104, 111, the defendant administrator himself is entitled to change his position.
In the interests of both judicial and administrative economy the court will not remand because the record is clear as to the board's findings under the more stringent standard. Thus the defendants actions were not unreasonable, arbitrary or illegal.
Motion granted and appeal dismissed.
O'Neill, J.