[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant proceeding is an appeal by Pamela S. Clinton (Thereafter the "claimant") from the decision of the Employment Security Board of Review (hereafter the "board") which affirmed the decision of the appeals referee (hereafter] the "referee") denying a claim for unemployment compensation.[1] The board adopted the referee's findings as modified in the board's decision.
The referee found the following facts:
1. The employer filed a timely appeal from a determination by the Administrator awarding benefits from November 26, 1995 on the issue of a voluntary leaving. CT Page 14718
2. The claimant worked from May of 1994 to November 28, 1995 in clerical support forty hours per week, days, at $12.75 per hour.
3. Pam Goodman, a co-worker, had been hired to fill in for another employee that was out.
4. After working for approximately a month or so she had recommended the claimant for a job. The claimant was interviewed and hired.
5. Later, Pam Goodman came back part-time as a paralegal.
6. The claimant was upset over this because she felt that she was capable to fill the position and that Goodman was blocking her chance for advancement.
7. The claimant had many complaints regarding her employers in general and Attorney Hall in particular. However she remained on the job for eighteen months before leaving.
8. On October 10, 1995, Attorney Hall and Attorney Savarese were not in the office. The claimant had been having problems tripping over an electrical cord and bumping her leg and bruising it on her desk. The claimant moved her desk a quarter of a turn.
9. Attorney Savarese indicated his displeasure with the move. However, Attorney Hall became enraged over the unauthorized move and verbally attacked the claimant. He continued his verbal assault and the claimant ended up in tears. The claimant was so upset that she called her husband and he picked her up at noon time.
10. Attorney Hall realized that he had been unduly harsh with the claimant and wrote a memo requesting that the claimant sit down with him and discuss the moving of her desk and replacement of a typewriter. On October 12th the claimant responded to Attorney Hall's memo stating that she did not wish to participate in the discussion and requested that her desk be put back the way it was and to get on with work.
11. On November 27, 1995, the claimant approached Attorney Savarese stating that she had heard that Ms. Goodman who had tendered her resignation was trying to "unresign." CT Page 14719
12. Attorney Savarese referred the claimant to Attorney Hall who was out of the office at the time.
13. When Attorney Hall returned the claimant questioned him as to Ms. Goodman being allowed to rescind her resignation.
14. Attorney Hall indicated that he was unaware of the situation. However, when the claimant continued to pursue an answer, Attorney Hall indicated that it was really none of her business.
15. The claimant indicated that she was going to unemployment the next day, November 28, 1995. Attorney Hall advised her that it would be an unauthorized day off.
16. Believing that the claimant would not be in, Attorney Hall brought in a temporary person to fill claimant's spot for November 28th. However, the claimant did work on November 28th along with the fill in.
17. The claimant turned her desk back to its original position and left work at her normal time.
18. The claimant did not show up for work on November 29, 1995 and the employer subsequently received the notice of a hearing from unemployment compensation.
19. On April 12, 1996, the claimant submitted a letter from Ghazi Asaad, M.D., dated February 29, 1996. The letter stated that the claimant was evaluated on February 29, 1996 in connection with an incident that took place with the employer in October, 1995. The doctor's diagnosis is that it appears that the claimant had suffered from post traumatic stress disorder that manifested with ongoing anxiety, with episodes of tearfulness and mood swings. In addition, it stated that she had difficulty sleeping and has had recurrent nightmares. Also she has not been able to work or to perform most of her ordinary responsibilities.
All appeals from the board to the court are controlled by31-249b. Section 31-249b specifically provides that any finding of the board shall be subject to correction only to the extent provided by section 519 now § 22-9 of the Connecticut Practice Book. Practice Book § 22-9 specifies that the trial court does not retry the facts or hear evidence. It considers no CT Page 14720 evidence other than that certified to it by the board, and then for the limited purpose of determining whether there was any evidence to support in law the conclusions reached. The court cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of the witnesses. In appeals of this nature, the Superior Court does not try the matter de novo. It is not its function to adjudicate questions of fact. Nor may it substitute its own conclusions for those of the board. Rather, it is the function of the court to determine, on the record, whether there is a logical and rational basis for the decision of the board or whether, in the light of the evidence, the board has acted illegally or in abuse of its discretion. Calnan v. Administrator, 43 Conn. App. 779, 783-85.
In support of her appeal, the claimant argues that the board improperly denied her request for a hearing. She argues that an additional hearing was necessary because the referee failed to subpoena the claimant's coworker, Lynn Thomas-Keegan. This argument is meritless. Thomas-Keegan testified by telephone during the second hearing.
The claimant also argues that her personnel file should have been subpoenaed. During the first hearing, however, the employer agreed to give the claimant her file if she made a written request.[2] There is no evidence to suggest that the claimant submitted a written request and was denied access to the file.
The claimant further contends that the first hearing was so chaotic that she was unable to present coherent testimony or cross-examine her employer in an effective manner. The transcript of the hearing suggests otherwise. The claimant was given ample opportunity to testify and cross-examine her employer.
Her final procedural claim is that the referee had an obligation to inform her that she could have participated in the second hearing by telephone. She has presented no authority to support this proposition. Moreover, the referee did tell the claimant that her father could testify by telephone.[3]
Therefore, she was aware that one who could not personally attend a hearing could provide testimony over the telephone. Furthermore, there is no indication that the referee prevented the claimant from participating by telephone. In light of the foregoing, the court concludes that the ends of justice did not require a further hearing before the board. See Regs., Conn. State Agencies § 31-237g-40. CT Page 14721
The appeal also attacks the board's failure to grant the claimant's motion to correct in its entirety. The referee's findings of fact that were not altered by the board were supported by the evidence.[4] Furthermore, the additional facts that the claimant sought to incorporate into the findings were either immaterial or disputed.[5] Accordingly, the findings of fact need not be corrected. See Practice Book § 519, now Practice Book (1998 Rev.) § 22-9.
The claimant's final argument in support of her appeal is that there was sufficient evidence to establish that she left suitable work for good cause attributable to the employer. See Regs., Conn. State Agencies § 31-236-22. Although some of the evidence indicates that the claimant left work for good cause, the court cannot review the evidence to determine its weight and the credibility of witnesses. Calnan v. Administrator, supra. The record reveals that substantial evidence supported the conclusions of the board.[6] The board's decision, therefore, was not unreasonable, arbitrary, illegal, or an abuse of the board's discretion. The appeal is, accordingly, dismissed.
Moraghan, J.