[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO REARGUE
The defendant Administrator has moved to "reargue the Memorandum of Decision" I issued on March 9, 2000, sustaining the claimant's appeal from a decision of the unemployment compensation board of review (the board). The motion claims that I "improperly reviewed the board's CT Page 5030 findings of fact when, as a matter of law, the trial court was bound by the findings of fact and should not have reviewed those findings for support in the evidence".
It bears repeating that the claimant was denied unemployment compensation by the board because of "insubordination", in that she failed "to follow the directive of the assistant restaurant manager to not go behind the employer's bar while she was a guest of the employer". Board of Review Decision, p. 2. She was not denied unemployment compensation because she served liquor before 11:00 AM on a Sunday, which was undisputed.
The Practice Book explicitly empowers a reviewing court to determine "whether there was any evidence to support in law the conclusions reached" by the board. P.B. § 22-9(a).[1] That is what was done in this case.
Unlike the court in Calnan v. Administrator, 43 Conn. App. 779
(1996), I did not review the evidence "to determine its weight and the credibility of witnesses". Id., 785. Nor did I substitute my conclusions for those of the board. Id. Rather, I closely reviewed the record upon which the board purported to rely[2] and found no evidence at all to support its conclusion that the claimant was insubordinate.
The administrator seems to argue that, because the claimant filed no motion to correct the board's findings, pursuant to P.B. § 22-4, the court is precluded from performing its function of determining "whether there was any evidence to support in law the conclusions reached" by the board. P. B. § 22-9(a). If this were the law, the failure of a claimant, even one unrepresented by counsel, as this one was, to avail herself of the opportunity to seek a correction of the board's finding(s) of fact would deprive the court of the ability to meet its "ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion". (Internal citations omitted.) United Parcel Service,Inc. v. Administrator, 209 Conn. 381, 385 (1988).[3]
While the limits on a court's function in reviewing decisions of the board are well recognized, the failure of a claimant to file a motion to correct has not been considered fatal to the court's ability to review a decision to determine whether the board acted unreasonably or arbitrarily. See, e.g., Samson v. Administrator,29 Conn. Sup. 316 (1971); Petula v. Administrator, 33 Conn. Sup. 119
(1974).[4] What could be more unreasonable or arbitrary than a CT Page 5031 decision to deny unemployment compensation based on a conclusion which has no support at all in the record upon which it purports to be based?
In reviewing the board's decision in this case I did not correct any findings of the board. Nor did I substitute any findings of my own for those of the board. I simply found that its conclusion was unsupported by the record certified to the court. Accordingly, treating the administrator's motion to reargue as one to reconsider my decision, I have done so and find no reason to depart from it. The motion is denied.
BY THE COURT
SHORTALL, JUDGE.