[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
STATEMENT OF THE CASE
This is a statutory appeal from a decision of the Connecticut employment security board of review. As such, it is not heard de novo, but the court is restricted to a review of the record. It is governed by § 22-9 of the Practice Book and not by the administrative appeals section of the General Statutes. "Such appeals are heard by the court upon the certified copy of the record filed by the board. The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." P.B. § 22-9; see alsoCalnan v. Administrator, 43 Conn. App. 779, 784 (1996). Since this plaintiff did not file a motion to correct the board's finding of fact, the court is precluded from reviewing those findings, Calnan v.Administrator, supra, 783.
DISCUSSION
General Statutes § 31-236 (a)(2)(A) states that "an individual shall be ineligible for benefits . . . if . . . he has left suitable work voluntarily and without good cause attributable to the employer, until CT Page 14972 such individual has earned at least ten times his benefit rate . . . provided further, no individual shall be ineligible for benefits if he leaves suitable work (i) for good cause attributable to the employer, including leaving as a result of changes in conditions created by his employer . . ."
In this case, the board of review found that the plaintiff left work without good cause attributable to the employer. The board found that the plaintiff quit due to a disagreement with the director over operational methods, and the plaintiff's perception that the employer was not sympathetic to her needs. The board determined that the plaintiff failed to establish a pattern of abuse by the employer, other than an isolated incident and comment regarding her grieving. The board further determined that the employer acted reasonably in discussing her bereavement time and by urging the plaintiff to report to work on time.
The plaintiff claims that the tremendous job stress was sufficient to cause her to terminate her employment. However, the board found that the plaintiff was not under the care of any physician or counselor for any stress related problem and that the claimant never requested to start later because of a disability.
The plaintiff's own version of the events in question alone constitutes substantial evidence to support the board's findings. The record, the hearing transcript and the plaintiff's letter of resignation contains an ample basis for the board's findings.
The plaintiff further raised at argument the issue that she was not adequately trained or supervised as promised when she was hired. Since that claim was not raised before either the referee nor the board, the court cannot consider the claim absent a motion to correct the finding.
It is therefore the conclusion of the court that the board's decision was not arbitrary, illegal or unreasonable.
After a review of the record and in light of the discussion above, the appeal is dismissed.
Matasavage, J.