[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The plaintiff, Joseph P. Zichichi ("Zichichi" or "the claimant"), appeals, pursuant to General Statutes, § 31-249b, the decision of the Employment Security Board of Review ("the Board"), affirming an appeals referee's decision affirming the defendant Administrator's denial of benefits to the claimant.
The claimant commenced employment with the defendant, Security Professionals, LLC (Automatic Burglar Alarm) ("the employer") in February, 1998 and in May, 1999 was named Chief Operating Officer of the company. He held this position until March 5, 2000, when he was terminated. The claimant applied for benefits and on April 27, 2000 the Administrator denied the claim, ruling that the claimant was discharged for wilful misconduct. The claimant appealed that denial and an appeals referee affirmed the Administrator's decision by decision dated June 15, 2000. The claimant then appealed the referee's decision to the Board, and CT Page 1303 the Board, by decision dated December 14, 2000, affirmed the referee's decision. The claimant then appealed the Board's decision to the Superior Court and a hearing was held on January 8, 2002.
 II
In hearing appeals taken pursuant to § 31-249b, the scope of the court's review is limited. Practice Book, § 22-9 states, in pertinent part:
 "Such appeals are heard by the court upon the certified copy of the record filed by the board. The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence."
Conclusions of law reached by the referee cannot stand, however, if the court determines that they resulted from an incorrect application of the law to the facts found or could not reasonably follow from such facts.Finkenstein v. Administrator, 192 Conn. 104, 113, (citations, quotation marks omitted). Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion (citations omitted). UnitedParcel Service Inc. v. Administrator, 209 Conn. 381, 385-86.
 III
It appears from the record that the claimant, prior to entering employment with the employer, had sold his business, American Protective Services, Inc., to said employer and that by March, 1999, the claimant and the employer were in litigation concerning monies owed the claimant as a result of said sale. The appeals referee's findings of fact, adopted by the Board and not challenged by the claimant reveal that in May of 1999, the employer's board of directors placed the claimant in charge of full operation of the company with the job title of Chief Operating Officer, and that the claimant was terminated on or about March 5, 2000 for his disregard of the company's financial status, falsification of documents and improperly withdrawing employer funds for his personal use. CT Page 1304
The facts found establish, inter alia, that in the period September, 1999 through February, 2000 the claimant issued several checks to himself, the amounts totaling over $250,000; that on September 24, 1999, the claimant wrote out two checks to himself, totaling $100,000 at a time when the employer was behind on its health insurance payments; that in October, 1999, the Board Members and the senior lender had instructed the claimant not to write out any checks over $10,000 without a dual signature and that the claimant ignored this instruction; that on December 22, 1999 the claimant wrote out a check payable to himself while failing to pay the company's health insurance premium; that when money became available to the company by virtue of overpayments by two large customers, the claimant deposited said monies and wrote large checks to himself; that the claimant failed properly to credit the two customers for the overpayments.
Based on her findings of fact, the appeals referee concluded that the claimant's actions constituted wilful misconduct: "The manner in which the claimant wrote out these [September 24, 1999] checks and failed to pay the vendors and suppliers of the company show a deliberate failure to satisfy the employer's standards of performance and show an intentional disregard of the reasonable requirements for the job to keep the company's financial status on even keel. The claimant clearly had the ability and mental capacity to be in charge of the employer's operations, but he simply chose to put his own needs ahead of the needs of the company, and his conscious indifference to the duty owed to the employer constitutes wilful misconduct under Section 31-236 (a)(2)(B)."
 IV
General Statutes, § 236(a)(2)(B), provides, in pertinent part, that:
 "An individual shall be ineligible for benefits . . . if, in the opinion of the administrator, the individual has been discharged . . . for . . . wilful misconduct in the course of the individual's employment . . ."
Section 31-236 (a) (16) defines "wilful misconduct" as:
 "deliberate misconduct in wilful disregard of the employer's interest, or a single knowing violation of a reasonable and uniformly enforced rule or policy of the employer, when reasonably applied, provided such violation is not a result of the employee's incompetence . . ."
CT Page 1305 The Court notes at the outset that there is no claim that the claimant was incompetent. The appeal referee's conclusion, that "the claimant clearly had the ability and mental capacity to be in charge of the employer's operations," stands unchallenged. Nor is it disputed that during the period in question the employer owed money to the claimant and that a judgment to that effect was entered in October of 1999. The referee found that the claimant had issued to himself the September 24, 1999 checks prior to the entry of said judgment.
The claimant asserts that the referee predicated her decision on the basis that the claimant "had been instructed to get a second signature on all checks over ten thousand dollars." The claimant argues that there is no evidence of any written policy of the company to this effect, and, absent such written policy, there can be no wilful misconduct by the claimant. The claimant argues that as chief operating officer he was authorized to make any payments on behalf of the company, including those made to himself, and that there is nothing in writing directing him to the contrary. Therefore, asserts the claimant, as a matter of law, the conclusion that the claimant was in violation for wilful misconduct, was in? error.
The court is not persuaded. The claimant, as chief operating officer, in complete charge of the corporation's operations, could not justify acting contrary to the verbal instructions of board of directors members and the senior lender, issued in October, 1999, not to issue checks without dual signatures, and then claim he was free to issue checks signed by him alone because the two signature requirement had not been reduced to writing.
Moreover, the claimant's acts and omissions, which the referee concluded constituted wilful misconduct went well beyond his failure to obtain a second signature for checks over ten thousand dollars. The gravamen of the referee's findings was, that in choosing to issue checks to himself at a time when the company he operated was experiencing financial difficulties, and was behind in its payment of health insurance premiums, the claimant put his own needs ahead of the needs of the company, and his conscious indifference to the duty owed to his employer constituted wilful misconduct. Other facts supporting the finding of wilful misconduct included irregularities in crediting two customers, Stop Shop and Hubco, for overpayments, while the claimant deposited the overpayments and issued checks to himself, and the "final incident," on March 3, 2000, when the claimant claimed he had been authorized by a board of directors member, Polk, to take money to pay himself for the claimant's claims against the company. Polk denied giving such authorization and the referee did not credit the claimant's testimony that Polk had so authorized. CT Page 1306
 V
No motion to correct the referee's findings was filed with the Board pursuant to Practice Book, § 22-4. The said findings, accordingly, stand unchallenged. Calnan v. Administrator, Unemployment CompensationAct, 43 Conn. App. 779, 784. The court has reviewed the record to determine whether there was any evidence to support in law the conclusions reached by the referee and affirmed by the Employment Security Review Board. The court finds substantial evidence in the record to support the conclusions of the appeals referee that the claimant's actions constituted wilful misconduct and her decision affirming the Administrator's denial of benefits. The referee's decision resulted from a correct application of the law to the facts found and followed logically from those findings. The claimant has failed to establish, by a fair preponderance of the evidence, his claim that the decision of the Employment Security Board of Review was arbitrary and capricious.
Accordingly, the appeal is dismissed and judgment may enter in favor of the defendants, Administrator, Unemployment Compensation Act and Security Professionals, LLC a/k/a Automatic Burglar Alarm, as against the appellant, Joseph P. Zichichi.
By the Court,
John T. Downey, Judge Trial Referee