[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
This is a statutory appeal, brought by the claimant-plaintiff, John D. Connolly, Jr., pursuant to General Statutes § 31-249b, concerning unemployment compensation. In accordance with § 31-249b, the employment security board of review (board) certified the record of this case to the Superior Court, and the court has performed a thorough review thereof.
The evidence, as presented in the record, supports the finding reached by the board. The claimant-plaintiff failed to file a motion to correct the findings of the board pursuant to Practice Book § 22-4.[1] A motion for correction of the board's findings is "a necessary prerequisite to a challenge to the board's decision." Calnan v.Administrator, 43 Conn. App. 779, 785, 686 A.2d 134 (1996). In the CT Page 8668 present case, the court is confined to the factual findings by the board because the plaintiff failed to file a motion to correct the board's findings. Therefore, the court is limited to a review of the record to ensure that the factual findings in the record support the board's decision. "The court's ultimate duty is to decide only whether, in light of the evidence, the board of reveiw has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." (Internal quotation marks omitted.) Bennett v. Administrator, 34 Conn. App. 620,626, 642 A.2d 743 (1994).
The record demonstrates that the claimant-plaintiff failed to inform his employer of the problems he had with his scheduled work hours and further that he failed to explore alternatives with his employer in order to remedy the problems he was having before he left his employment. In addition, the record indicates that had the claimant-plaintiff informed his employer of the difficulties that he had with his work hours, his employer would have adjusted the claimant-plaintiffs work schedule in order to retain him. Furthermore, the record shows that the claimant-plaintiff did not prove that his reasons for leaving were reasons which would cause the ordinary reasonable person to leave his employment. "An individual leaves suitable work for cause . . . when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimaint must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Citation omitted; internal quotation marks omitted.) AcroTechnology, Inc. v. Administrator, 25 Conn. App. 130, 135, 593 A.2d 154
(1991). Accordingly, the court finds that the board's decision was supported by the facts in the record and such decision was not unreasonable, arbitrary, capricious, illegal or in abuse of its discretion.
For the foregoing reasons, the claimant-plaintiffs appeal is denied.
BY THE COURT,
Foley, Judge.