[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR JUDGMENT
The Associate Appeals Referee found "the evidence indicates that the claimant's wages were substantially lowered when the employer unilaterally decided to place her on the counter on Saturday when the diner was busy. The claimant brought her concerns and the adverse financial conditions to the employer's attention and was instructed that the change would remain in light of the employer's determination that she was too slow to work in the dining area during peak hours. Although other hours were available in the diner the fact that the claimant was not allowed to work in the dining area during peak hours does substantially affect her receipt of tips which is her income." The Referee found "the claimant had good cause to leave when she did due to a unilateral change which adversely affected the claimant's earning potentials."
On appeal the Board of Review found that "referee's conclusions of law are supported by the findings of fact set forth in the referee's decision and that those findings are supported by the record of the referee's hearing. The board of review further finds that the referee's decision is consistent with the provisions of the Connecticut Unemployment Compensation Act governing the issue presented by the appeal. Accordingly, we adopt the referee's findings of fact and decision."
This case is controlled by Calnan v. Administrator, UnemploymentCompensation Act, 43 Conn. App. 779, 686 A.2d 134 (1996); Chavez v.Administrator, Unemployment Compensation Act, 44 Conn. App. 105. InCalnan the appellate court reversed the trial court and held that in order for a plaintiff to challenge the findings of the board of review properly on appeal, the plaintiff must file a motion to correct those findings. As in Calnan, the plaintiff in this case did not move to correct the findings of the board before appealing to the trial court.
In appeals of this nature the court cannot substitute its discretion for that legally vested in the commissioner but determines on the record CT Page 2959-e whether there is a logical and rational basis for the decision of the commissioner or whether, in the light of the evidence, he has acted illegally or in abuse of his discretion. Bartlett v. Administrator,142 Conn. 497, 505; Stapleton v. Administrator, 142 Conn. 160, 165;Lanyon v. Administrator, 139 Conn. 20, 28.
Further, the purpose of the Unemployment Compensation Act is remedial, and its provisions are to be construed liberally as regards beneficiaries in order that it may accomplish its purpose. Derench v. Administrator,141 Conn. 321, 324; see Kelly v. Administrator, 136 Conn. 482, 487. The legislature has emphasized this purpose in § 31-274 (c) in the following language: "The provisions of this chapter shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifiction in doubtful cases." Taminski v.Administrator, Unemployment Compensation Act, et al, 168 Conn. 324, 328
(1975).
In addition to the cases cited herein, the court has reviewed the record certified to it by the Board of Review, the plaintiff's Appeal and Appeal to the Superior Court, the plaintiff's pleadings and has considered all of its submissions and remarks of counsel made at the hearing held on March 26, 2003.
The decision of the Board of Review follows reasonably from the facts found and correctly applies the law to those facts. The decision is not arbitrary, capricious or contrary to law. The decision is affirmed.
The appeal is dismissed.
BY THE COURT,
BALLEN, JUDGE TRIAL REFEREE CT Page 2959-f