[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Terry Howard ("claimant") filed a claim for unemployment compensation benefits against her former employer, Snelling Personnel Services ("employer") of Norwalk. The claimant had been employed for approximately eight months as an in-house staff employee. The employer contends that the claimant voluntarily quit her job on or about May 21, 1997, and hence was ineligible for unemployment benefits. An examiner for the named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits on the basis that she had been involuntarily separated from her job.
Pursuant to General Statutes §§ 31-241 and 31-242, the employer appealed the administrator's decision to the employment security appeals division, where it was referred to an appeals referee for a hearing de novo. The referee made the following factual findings: (1) the claimant reported on May 13, 1997 that she had injured her wrist while opening the door to the employer's building, and that she was leaving to go to the hospital; (2) the claimant did not thereafter return to work; (3) CT Page 14461 Mr. Jacobson, the principal officer of the employer, called her on May 19 and on May 20, 1997, and the claimant told him on each occasion that she did not know when she would be returning to work; (4) on May 21, 1997, Mr. Jacobson wrote the claimant a letter stating that because she had not called him as she had promised, he assumed that the claimant did not intend to return to work and had voluntarily resigned, but that if he was "mistaken in any way about anything," the claimant should contact him; and (5) the claimant dropped off a medical statement at the employer's office, but never contacted Mr. Jacobson to discuss his letter.
The referee concluded that the claimant left suitable work voluntarily and did not show good cause attributable to the employer for her decision not to return to work. Thus, the referee reversed the administrator's decision granting compensation.
The claimant appealed this decision to the employment security appeals division board of review (board) in accordance with General Statutes §§ 31-249 and 31-249a, claiming that she had been discharged for filing a Workers' Compensation claim. The board noted that: (1) Mr. Jacobson's letter of May 21, 1997 said that he was assuming that the claimant had resigned her job, but that if he was mistaken in this assumption, the claimant should get in touch with him; (2) "[t]he claimant never communicated to the employer a desire to remain employed or gave the employer any indication that it was mistaken in its assumption;" and (3) it was not reasonable for the claimant to believe she had been discharged on the basis of the telephone calls and letter from Mr. Jacobson. The board adopted the referee's findings of fact and conclusion of ineligibility, ruling that the claimant voluntarily quit her employment without good cause attributable to the employer.
The claimant then filed a motion to "reopen" the board's decision. In denying the motion, the board reiterated its earlier conclusion that the claimant "by taking no action to advise the employer that it was her intent to return to work when the employer specifically asked her, the claimant, through her silence, reflected her intent not to return to work."
The claimant, Ms. Howard, hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b. The plaintiff contends that she left her CT Page 14462 employment involuntarily and did not resign.
The board filed a return of record pursuant to General Statutes § 31-249b, and a hearing was held before this court on August 28, 1998.
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own . . ." (Citations omitted.) Cervantes v. Administrator, 177 Conn. 132, 136,411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.) Mattatuck Museum-MattatuckHistorical Society v. Administrator, 238 Conn. 273, 278,679 A.2d 347 (1996).
The Supreme Court has held that a trial court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact; a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService. Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988).
"As a general rule, [t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant."' United ParcelService. Inc. v. Administrator, supra, 209 Conn. 386. Moreover, CT Page 14463 the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v. Commission onHospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
Furthermore, General Statutes § 31-249b provides, in pertinent part, that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519(a), now Practice Book (1998 Rev.) § 22-9(a) provides in pertinent part: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses."
Practice Book (1998 Rev.) § 22-4 provides in pertinent part that if an appellant wants the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by the entire transcript or portions thereof.
Practice Book (1998 Rev.) § 22-9(b) provides in pertinent part: "Corrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." See also Regs., Conn. State Agencies, § 31-237g-51a.
In Calnan v. Administrator, 43 Conn. App. 779, 785,686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings "is a necessary prerequisite to a challenge to the board's decision." Accord Chavez v.Administrator, 44 Conn. App. 105, 106-07, 686 A.2d 1014 (1997). Thus, in the absence of a motion to correct pursuant to Practice Book (1998 Rev.) § 22-4, the board's factual findings and those conclusions which are based on the weight of evidence and credibility of witnesses cannot be challenged. CT Page 14464
The role of the court in deciding this appeal is to determine whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v.Administrator, supra, 43 Conn. App. 785.
General Statutes § 31-236(a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "he has left suitable work voluntarily and without good cause attributable to the employer." See also § 31-236-17(b) of the Regulations of Connecticut State Agencies.[1]
Section 31-236-18 of the Regulations of Connecticut State Agencies defines "voluntary leaving" as involving "the specific intentional act of terminating [one's] own employment." Section 31-236-19 of the Regulations states that in order to find that an employee left work for good cause attributable to the employer, it must appear that the reason for leaving "relates to wages, hours or working conditions which comprise the employment that the individual voluntarily left."
In the present case, the board determined that the plaintiff quit her job without good cause attributable to the employer. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Citations omitted; internal quotation marks omitted.)Acro Technology, Inc. v. Administrator, 25 Conn. App. 130, 135,593 A.2d 154 (1991).
The conclusion of ineligibility for benefits is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." CT Page 14465Id., 113. The court finds, on the basis of the certified record, that the board was presented with sufficient evidence to justify the conclusions it reached concerning the circumstances under which the plaintiff left her employment. Therefore, the defendant's motion for judgment dated March 3, 1998, is granted. The board of review's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 17th day of December, 1998.
William B. Lewis, Judge