[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Robert Schluensen (claimant) filed a claim for unemployment compensation benefits against his former employer, Security Specialists Advanced Electronic Services, Inc. (employer), of Greenwich. The claimant had been employed for approximately ten years as a salesman. The employer contends that the claimant left his job voluntarily on or about August 31, 1998, and hence was CT Page 15900 ineligible for unemployment benefits.
An examiner for the named defendant, the administrator of the Unemployment Compensation Act (administrator), General Statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits on the basis that his employment had been terminated through no fault of his own.
Pursuant to General Statutes §§ 31-241 and 31-242, the employer appealed the administrator's decision to the employment security appeals division, where it was referred to an appeals referee for a hearing de novo. The appeals referee made the following factual findings: (1) the claimant and the president of the employer, Daniel Budinoff, had a heated argument on the telephone on the morning of August 31, 1998, regarding cancellation of a wireless security system that was due to be installed that day at a customer's house; (2) Budinoff told the claimant that "if he did not like [his job], he could get another job," and slammed the phone down; (3) that same evening, the employer's sales manager, Tom Bambace, suggested to the claimant that he meet the next morning with Budinoff and straighten everything out, but the claimant refused to do so; (4) Budinoff did not intend to fire the claimant but was disturbed by the claimant's questioning of how the company was being managed; (5) on September 17, 1998, Bambace wrote a letter to the claimant saying that Budinoff wanted the claimant to come back to work but the claimant chose not to do so; and (6) this particular dispute with Budinoff was the only one with the claimant during the course of his employment.
The appeals referee concluded that the claimant had left work voluntarily because the employer did not fire him, and because the claimant refused to meet with Budinoff the next day as suggested by Bambace. Thus, the referee determined that the claimant left suitable work voluntarily and without good cause attributable to the employer. The administrator's decision granting benefits was reversed.
The claimant appealed this decision to the employment security appeals division board of review (board) in accordance with General Statutes § 31-249, claiming that he had been fired and had not left his employment voluntarily. The claimant sought an evidentiary hearing in order to present testimony from a former employee. The board rejected the request on the ground that such testimony was irrelevant because the issue to be CT Page 15901 resolved was "whether [Bombace] confirmed to the claimant that he had been fired by [Budinoff] during the heated phone conversation earlier in the day on August 31, 1998." The board reviewed the record, including a tape recording of the hearing before the appeals referee, and determined as follows: (1) Budinoff said to the claimant that "If you don't like working here, go get another job" or "other similar words;" (2) after Budinoff had told Bombace what had occurred on the telephone, Bombace telephoned the claimant about an hour or so after the incident in an attempt to resolve the controversy, but the claimant did not return the call; (3) Bombace testified before the appeals referee that he told the claimant that: "if he came to work the following morning and talked with the owner [Budinoff] he could retain his job;" (4) the claimant refused to meet with Budinoff as he was still upset about the telephone conversation; and (5) this was the first argument with Budinoff that the claimant had while employed, although the claimant was aware that sometimes Budinoff "said things in anger that he did not mean."
Thus, the board concluded that the appeals referee was correct when she characterized the claimant's actions as a "voluntary leaving," as contrasted with terminating a job because of good cause attributable to the employer. The board also concluded that the claimant had not experienced any "pattern of harassment." The claimant moved to reopen the hearing in order to present testimony from several former employees. The board declined to hear additional evidence because the request came too late in the proceedings. The board reiterated its belief that: "[b]ecause the claimant declined the opportunity to meet with the owner, after being informed that the owner was interested in rescinding any discharge, we continue to conclude that he voluntarily left the employment."
The claimant, now referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b and Regs., Conn. State Agencies § 31-237g-51. The plaintiff contends that his employment was terminated by the employer and that he did not quit his job voluntarily.
The board certified the record to the court pursuant to General Statutes § 31-249b, and a hearing was held before this court on August 18, 1999.
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out CT Page 15902 of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v. Administrator, 177 Conn. 132, 136,411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274(c)." (Citations omitted; internal quotation marks omitted.) Mattatuck Museum-MattatuckHistorical Society v. Administrator, 238 Conn. 273, 278,679 A.2d 347 (1996).
The Supreme Court has held that a trial court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United ParcelService, Inc. v. Administrator, supra, 209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v. Commission onHospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
Furthermore, General Statutes § 31-249b provides in pertinent part that "in any appeal, any finding of the referee or CT Page 15903 the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Practice Book § 519(a), now Practice Book § 22-9(a), provides in pertinent part that: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses."
Practice Book § 22-4 provides in pertinent part that if an appellant wants the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by the entire transcript or portions thereof. Practice Book § 22-9(b) provides in pertinent part: that: "[c]orrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence." See also Regs., Conn. State Agencies §31-237g-51a.
In Calnan v. Administrator, 43 Conn. App. 779, 785,686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings "is a necessary prerequisite to a challenge to the board's decision." Accord Chavez v.Administrator, 44 Conn. App. 105, 106-07, 686 A.2d 1014 (1997). Thus, in the absence of a motion to correct pursuant to Practice Book § 22-4, the board's factual findings and those conclusions which are based on the weight of evidence and credibility of witnesses cannot be challenged.
Even if the court were to reach the merits of the appeal, the result cannot be changed. The issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v. Administrator, supra,43 Conn. App. 785.
General Statutes § 31-236(a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "he has CT Page 15904 left suitable work voluntarily and without good cause attributable to the employer." See also Regs., Conn. State Agencies § 31-236-17(a).
Section 31-236-18 of the Regulations of Connecticut State Agencies defines "voluntary leaving" as involving "the specific intentional act of terminating [one's] own employment." Section31-236-19 of the Regulations of Connecticut State Agencies provides that in order to find that an employee left work for good cause attributable to the employer, it must appear that the reason for leaving "relates to wages, hours or working conditions which comprise the employment that the individual voluntarily left."
In the present case, the board determined that the plaintiff left his job voluntarily and without good cause attributable to the employer. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Citations omitted; internal quotation marks omitted.) Acro Technology, Inc. v. Administrator,25 Conn. App. 130, 135, 593 A.2d 154 (1991).
The conclusion of ineligibility for benefits is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113. The court finds, on the basis of the certified record, that the board was presented with sufficient evidence to justify the conclusions it reached concerning the circumstances under which the plaintiff left his employment. Therefore, the defendant's motion (#101) for judgment dated May 13, 1999, is granted. The board of review's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal. CT Page 15905
So Ordered.
Dated at Stamford, Connecticut, this 10th day of December, 1999.
William B. Lewis, Judge