[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Denise E. Kelly (claimant) filed a claim for unemployment compensation benefits against her former employer, Rayonier, Inc. (employer). The claimant had been employed for approximately five years as a benefits CT Page 7017 specialist. The employer contends that the claimant left her job voluntarily on or about April 4, 2000, and hence was ineligible for unemployment benefits.
An examiner for the named defendant, the administrator of the Unemployment Compensation Act (administrator), pursuant to General Statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits on the basis that she left her job for good cause attributable to her employer, which had announced it was relocating to Jacksonville, Florida.
Pursuant to General Statutes §§ 31-241 and 31-242, the employer appealed to the employment security appeals division, where the case was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether the claimant left suitable work voluntarily and without good cause attributable to the employer.
The appeals referee, in a decision dated June 5, 2000, made the following factual findings: (1) the claimant was told that she could remain working in Stamford until June 1, 2000, in order to conduct training for her replacement; (2) the employer directed the claimant to go to Jacksonville early in April, 2000, to conduct training sessions; and (3) the claimant experienced panic attacks and advised her supervisor that she was quitting her job.
The appeals referee concluded that the claimant left work for good cause attributable to the employer based on the claimant's belief that continued employment would jeopardize her health. Accordingly, the administrator's decision granting unemployment compensation benefits was affirmed.
The employer appealed this decision to the employment security appeals division board of review (board) in accordance with General Statutes § 31-249, contending that the claimant had left her employment voluntarily. The board reviewed the record, including a tape recording of the hearing before the appeals referee. The board indicated that: (1) the claimant had not produced medical documentation of her health conditions; (2) the claimant had not introduced evidence that she had explored alternatives to actually terminating her employment; (3) the employer would have made some adjustments or accommodations relative to the claimant going to Florida for an extra week in early April, 2000, if it had been advised of the anxiety attacks being experienced by the claimant; and (4) the assignment to Florida for the extra week was only for one week and although it involved some filing, which was not part of her job in Stamford, the claimant failed to advise her employer that the request caused her to suffer anxiety attacks. CT Page 7018
Accordingly, in a decision dated August 3, 2000. the board determined that the appeals referee was incorrect when she characterized the claimant's actions as an "involuntary leaving," as contrasted with voluntarily leaving a suitable job without good cause attributable to the employer. Thus, the board reversed the decision of the appeals referee, sustained the appeal of the employer, and determined that the claimant was ineligible for unemployment compensation benefits.
The claimant filed a motion to reopen the board's decision in order to offer evidence that as soon as she went home for the night to decide whether to resign her job, the employer called someone else to replace her, without waiting for the claimant to make a final decision, thus causing additional stress, and leading directly to her quitting the next day. The claimant also wanted to offer evidence that there were no viable alternatives to explore because of the employer's immediate attempt to replace her.
The board denied the motion to reopen because the claimant did not advise the employer that she was leaving for health reasons. In addition, the board stated that the employer acted reasonably in contacting another person as a possible replacement for the claimant.
The claimant, referred to hereafter as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b, contending that she was forced to resign for health reasons. including onerous working conditions caused by her employer's impending relocation to Florida. The board filed a return of record, and a hearing was held before this court on February 9, 2001.[1]
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . . (Citations omitted.) Cervantes v.Administrator, 177 Conn. 132, 136, 411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.) Mattatuck Museum-Mattatuck Historical Societyv. Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996).
On the other hand, the Supreme Court has held that a trial court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes § CT Page 701931-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385-86, 551 A.2d 724 (1988).
"As a general rule, "[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United Parcel Service, Inc. v. Administrator, supra,209 Conn. 386. Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to deference. Griffin Hospital v. Commissionon Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
Furthermore, in reviewing this appeal, it is noted that General Statutes § 31-249b provides, in pertinent part, that: "In any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 22-9 of the Connecticut Practice Book." See footnote 1, supra. Moreover, Practice Book § 22-4
provides that if an appellant seeks to have the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by "such portion of the evidence" considered relevant to the corrections being sought. In Calnan v. Administrator, 43 Conn. App. 779,785, 686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings "is a necessary prerequisite to a challenge to the board's decision." Accord Chavez v. Administrator.44 Conn. App. 105, 106-07, 686 A.2d 1014 (1997). The plaintiff in the present case did not life such a motion and therefore the board's factual findings and those conclusions which are based on the weight of the evidence and the credibility of witnesses cannot be challenged.
As to the legal merits of the appeal, the issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v. Administrator, supra, 43 Conn. App. 785. CT Page 7020 "The court must not retry facts nor hear evidence." (Internal quotation marks omitted.) Mattatuck Museum-Mattatuck Historical Society v.Administrator, supra, 238 Conn. 276.
General Statutes § 31-236 (a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if"the individual has left suitable work voluntarily and without good cause attributable to the employer." See also section 31-236-17 of the Regulations of Connecticut State Agencies to the same effect.[2]
In the present case, the board determined that the plaintiff left her job voluntarily, intentionally and without good cause attributable to the employer. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Citations omitted; internal quotation marks omitted.) Acro Technology, Inc. v.Administrator, 25 Conn. App. 130, 135, 593 A.2d 154 (1991).
The conclusion of ineligibility for benefits is within the board's competence and should not be overruled. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v.Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence to legally and logically justify the conclusions it reached concerning the circumstances under which the plaintiff left her employment. Therefore, the defendant's motion (#102) for judgment dated November 9, 1999, is granted. The board of reviews decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 29th day of May, 2001.
William B. Lewis, Judge CT Page 7021