[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Cynthia L. Mottolese (claimant) filed a claim for unemployment compensation benefits against her former employer, Brigadoon Show Stables, Inc. (employer). The claimant had been employed for approximately two years primarily as an office manager. The employer, which is involved in a number of horse shows in different state, contends that the claimant left her job voluntarily on or about April 12, 2001, and hence was ineligible for unemployment benefits.
An examiner for the named defendant, the administrator of the Unemployment Compensation Act (administrator), pursuant to General Statutes § 31-222 et seq., granted the claimant's application for unemployment compensation benefits on the basis that her employment had been terminated by the employer, who asked for the keys to the office and told her not to return to work the following week. Pursuant to General Statutes §§ 31-241 and 31-242, the employer appealed to the employment security appeals division, where the case was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether the claimant left suitable work voluntarily and without good cause attributable to the employer.
The appeals referee made the following findings of fact: (1) the claimant and her employer had been discussing her future work schedule because the claimant did not wish to do any more traveling and preferred to do computer work at home; (2) the claimant had been bringing her small child to work but the employer was concerned about liability and told the CT Page 8874 claimant that she could no longer bring the child with her; (3) the claimant was having difficulties finding appropriate day-care for her child; (4) the employer did not have sufficient office work to agree with the request that the claimant work out of her own home; (5) because the claimant did not want to travel any more, the employer was planning that the claimant would have to do some work with the horses in the stables; (6) on April 12, 2001, the claimant sustained a cut over her eye and turned in her keys to the office as she was leaving for medical assistance and advised the employer that she would not be returning to work; (7) the claimant's testimony about the reason she turned in her keys, i.e., that she thought the employer might need them during the next few days, was not credible because the employer had its own keys; and (8) the employer's testimony that a restructuring of the claimant's duties to accommodate her special needs could have been worked out in some manner except that the claimant did not provide a schedule regarding the specific time that she would be available to work was credible.
The appeals referee concluded that the claimant left work for her own "personal reasons," and not for good cause attributable to the employer. Accordingly, the administrator's decision granting unemployment compensation benefits was reversed and benefits were denied.
The claimant appealed this decision to the employment security appeals division board of review (board) in accordance with General Statutes § 31-249, contending that she had not left her employment voluntarily. The board reviewed the record, including a tape recording of the hearing before the appeals referee. The board indicated that the claimant should not reasonably have construed anything that the employer did or said on April 12, 2001 as terminating her employment. The reference was to the employer's principal officer raising her voice as a result of frustration with some work being done on the premises by another person. In addition, the claimant sustained a personal injury on April 12 and she left the office for medical attention. The employer told the claimant that she would be called to check on her medical condition and that she was not obliged to come into work on the claimant's next scheduled work day, April 17, 2001.
Accordingly, the board determined that the appeals referee was correct when she characterized the claimant's actions as a "voluntary leaving," as contrasted with having her employment terminated by the employer. Thus, the board affirmed the decision of the appeals referee that the claimant was ineligible for unemployment compensation benefits.
The claimant filed a motion to reopen the board's decision in order to offer evidence of her last paycheck and insurance payment as indicating that her employment had been terminated. The administrator also moved to CT Page 8875 reopen to permit the claimant to offer such documentation.
The board denied these motions to reopen because the documents in question "are not probative as to whether the employer discharged the claimant or the claimant voluntarily left work." In addition, the board reiterated its ultimate conclusion that "the claimant, with no reasonable basis, determined that the employer did not want her there anymore and that she quit because she jumped to the conclusion that the employer wanted to discharge her."
The claimant, referred to hereafter as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b, contending that she had been fired and did not quit her job or intend to leave employment as illustrated by, among other things, the fact that the employer never called to inquire why she had not returned to work or when she would come back to work. The board filed a return of record, and a hearing was held before this court on March 28, 2002.[1]
"[T]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v.Administrator, 177 Conn. 132, 136, 411 A.2d 921 (1979). "[T]he [unemployment compensation] act is remedial and consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.) Mattatuck Museum-Mattatuck Historical Societyv. Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996).
On the other hand, the Supreme Court has held that a trial court has a limited role when reviewing an unemployment compensation appeal. "To the extent that an administrative appeal, pursuant to General Statutes §31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385-86, 551 A.2d 724 (1988). CT Page 8876
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United Parcel Service, Inc. v. Administrator, supra,209 Conn. 386. Accord Latina v. Administrator, 54 Conn. App. 154,159-60, 733 A.2d 885 (1999). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to deference. Griffin Hospital v. Commissionon Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
Furthermore, in reviewing this appeal, it is noted that General Statutes § 31-249b provides, in pertinent part, that: "In any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 22-9 of the Connecticut Practice Book." See footnote 1, supra. Moreover, Practice Book § 22-4
provides that if an appellant seeks to have the board's findings corrected, he must, within two weeks after the record is filed with the court, "file with the board a motion for the correction of the finding" accompanied by "such portions of the evidence" considered relevant to the corrections being sought. In Calnan v. Administrator, 43 Conn. App. 779,785, 686 A.2d 134 (1996), the court stated that filing a motion with the board for correction of the findings "is a necessary prerequisite to a challenge to the board's decision." Accord Chavez v. Administrator,44 Conn. App. 105, 106-07, 686 A.2d 1014 (1997). The plaintiff in the present case did not file such a motion and therefore the board's factual findings and those conclusions which are based on the weight of the evidence and the credibility of witnesses cannot be challenged.
As to the merits of the appeal, the issue is whether "the decision of the board was logically and rationally supported by the evidence, and was not unreasonable, arbitrary, illegal or an abuse of the board's discretion." Calnan v. Administrator, supra, 43 Conn. App. 785. "The court must not retry facts nor hear evidence." (Internal quotation marks omitted.) Mattatuck Museum-Mattatuck Historical Society v.Administrator, supra, 238 Conn. 276.
General Statutes § 31-236 (a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "the individual has left suitable work voluntarily and without good cause attributable to the employer." See also section 31-236-17 of the Regulations of Connecticut State Agencies to the same effect.[2]
In the present case, the board determined that the plaintiff left her CT Page 8877 job voluntarily, intentionally and without good cause attributable to the employer. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Citations omitted; internal quotation marks omitted.) Acro Technology, Inc. v.Administrator, 25 Conn. App. 130, 135, 593 A.2d 154 (1991).
The board ruled that the claimant could not reasonably have believed that she was discharged as a result of any action or words by the employer. The administrator, at the request of the court, supplemented the return of record by furnishing a copy of the hearing before the appeals referee. There is no question that the referee was furnished with conflicting evidence but found the employer's testimony as to what happened on April 12, 2001 to be more credible.[3] Determining credibility is the role of the fact finder, the appeals referee in this case, as noted in Practice Book §§ 22-9 and 22-4. As was said in the context of an attorney trial referee, another type of fact finder, reliance on the testimony of one witness compared to another falls within the axiom that "In making this explicit factual determination, the attorney trial referee implicitly found certain witnesses to be credible and believable in their testimony. This was precisely her function as a fact finder." Nor'easter Group, Inc. v. Colossale Concrete, Inc.,207 Conn. 468, 473, 542 A.2d 692 (1988).
Finally, the conclusion of ineligibility for benefits is within the board's competence and should not be overruled. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review."Finkenstein v. Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence to legally and logically justify the conclusions it reached concerning the circumstances under which the plaintiff left her employment. Therefore, the defendant's motion (#101) for judgment dated February 15, 2002, is granted. The board of review's decision is affirmed, and judgment hereby enters dismissing the plaintiffs appeal. CT Page 8878
So Ordered.
Dated at Stamford, Connecticut, this 18th day of July, 2002.
 ___________________ William B. Lewis, Judge T.R.